# EXHIBIT A

STATE OF SOUTH CAROLINA      )

COUNTY OF _Richland County_    )

_Myron Hubbard_                 )

                         **Plaintiff(s)** )

            **vs.**           )

_South Carolina Department of Mental Health_ )

                **Defendant(s)** )

**IN THE COURT OF COMMON PLEAS**

**CIVIL ACTION COVERSHEET**

_2020_-CP-_40_-_02095_

Submitted By: _Myron Hubbard_
Address: _211 Brook Pines Dr. Apt 12108_
_Columbia, SC 29210_

SC Bar #: _____
Telephone #: _____
Fax #: _____
Other: _____
E-mail: _____

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION   (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION   (_Check One Box Below_)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☒ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Other (199)_____ | | ☐ Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| _____ | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) _____ | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | ☐ Confession of Judgment (770) | ☐ Public Service Comm. (990) |
| | | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Incapacitated Adult Settlement (790) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (799) _____ | _____ |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _____    **Date:** _4/26/20_

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                    Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA,                    )

COUNTY OF _Richland County_                 )          IN THE COURT OF COMMON PLEAS
                                            )
_Myron Hubbard_                             )
                              Plaintiff,    )                    SUMMONS
                                            )
vs.                                         )          FILE NO. _____-CP-_____-_____
                                            )
_South Carolina Department of Mental Health_ )
                              Defendant.     )


TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.



_Richland County_, South Carolina


Dated: _4/26/20_                            _My C HM /Myron Hubbard_
                                                 Plaintiff/Attorney for Plaintiff


                        Address: _Myron Hubbard_
                                 _211 Brook Pines Dr. Apt 14108_
                                 _Columbia, SC 29210_


SCCA 401 (5/02)

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND ) FOR THE FIFTH JUDICIAL CIRCUIT

MYRON HUBBARD )  COMPLAINT

Plaintiff, ) (Jury trial demanded)

) COMPLAINT IN INTERVENTION

) FOR VIOLATIONS OF:

v. ) (1) Title VII and Title VI of the

)  Civil Rights Act of 1964

) that includes retaliation.

)

SOUTH CAROLINA )

DEPARTMENT OF )

MENTAL HEALTH )

Defendant

*(stamp: 2020 APR 27 PM 12:30  RICHLAND COUNTY FILED  JEANETTE W. MCBRIDE C.C.P., G.S., & F.C.)*

## INTRODUCTION AND NATURE OF THE ACTION

1.  This is an action for relief from violations by the Defendants, South Carolina Department of Mental Health, of the rights of the Plaintiff, Myron Hubbard, to be free from unlawful employment discrimination based on his race, African American, (black male).
2.  The Plaintiff, Myron Hubbard, is a member of federal protected classes legally protected from employment discrimination on basis of his race, African American (black male).
3.  The South Carolina Department of Mental Health and Missouri Department of Mental Health have discriminated against Mr. Hubbard that included retaliation.

4.  ## JURISDICTION AND VENUE

5.  Directly under the Supreme Court and the Court of Appeals is the Circuit Court, the State's court of general jurisdiction. https://www.sccourts.org/OverviewofSCJudicialSystem.cfm

6.  General Jurisdiction is the court's authority to hear all kinds of cases, which arise within its geographic area. https://definitions.uslegal.com/g/general-jurisdiction/

7.  South Carolina Code of Laws Section 15-7-20 provides, "Actions which must be tried where cause of action arose." Section 15-7-30 states, "Actions that must be tried in county where defendant resides". . . "Principal place of business".

1

8.  Venue is proper pursuant to S.C. Code § 15-7-20 and §15-7-30 since a substantial part of the alleged acts giving rise to the action occurred in Richland County.

9.  Both the Defendant and the Defendant's facility, where a substantial part of the alleged acts occurred are in Richland County.

10. The Plaintiff, Myron Hubbard, resides at 211 Brook Pines Dr Apt 12108, Columbia, SC 29210.

11. The Defendants, South Carolina Department of Mental Health, are located at 2414 Bull Street Columbia, SC 29201, and its facility where a substantial part of the alleged acts occurred, G. Werber Bryan Psychiatric Hospital, is located at 220 Faison Drive, Columbia, 29203.

12. Plaintiff, Mr. Hubbard, exhausted his administrative remedies and obtained a letter from the EEOC with "notice of suit rights" which states, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice" and list it was mailed on January 31, 2020, which demonstrates this action as timely. (See Exhibit 1)

13. The South Carolina Department of Mental Health and Missouri Department of Mental Health have treated similar employees differently and has treated Mr. Hubbard less favorably based on the criteria under Title VI and Title VII.

14. From the South Carolina Department of Mental Health or Missouri Department of Mental Health, Mr. Hubbard have experienced extreme discrimination that included a hostile work environment, profanity, cursing at Mr. Hubbard, calling Mr. Hubbard dumb, calling Mr. Hubbard by a girl name, gorilla posters being posted in the nursing station, a large monkey poster posted directly facing the med room he was working in, immense disrespect, being yelled at, forced to hear the word NIGGER in the workplace by Bridget Entziminger RN, paid a lower wage than other nurses despite having a higher education than other nurses at the facility he was working at of the Missouri Department of Mental Health, given unfair working assignments, denied fringe benefits of employment, discriminatory denied Family Medical Leave Act (FMLA) rights, generated a policy to discriminatorily attack Mr. Hubbard, failed to investigate Mr. Hubbard complaints of discrimination, insubordination, gross malpractice during an injury he sustained, criminal acts, lied and denied plaintiff injuries to prevent him workman's compensation coverage for injuries, denied lifesaving treatment from blood exposure and the other below mention acts.

15. Some of the discrimination acts were criminal and South Carolina Department of Mental Health employee Sharon Brown was also reported to the Columbia Police Department to officer C. J. Johnson Case#190017096.

16. The discrimination acts that, including criminal acts, that occurred in Missouri has been reported to the United States Department of Justice in the State of Missouri.

17. In demonstrating Retaliation, the following:

> The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:
>
> > 1.  the plaintiff.

[participated in an activity protected under federal law, that is [specify protected activity, e.g., filing a discrimination complaint]] or
[opposed an unlawful employment practice, that is [specify unlawful employment practice]]; and

2.      the employer subjected the plaintiff to an adverse employment action, that is [specify adverse employment action]; and

3.      the plaintiff was subjected to the adverse employment action because of [[his] [her]] [participation in a protected activity] [opposition to        an        unlawful        employment        practice].
http://www3.ce9.uscourts.gov/juryinstructions/node/173

18.  The Plaintiff participated in an activity protected under federal law, when he filed a discrimination complaint in the Missouri federal Courts in Cases # 4:11-cv-02082-JAR, 4:15-cv-00722, 2:18-cv-04201-NKL.

19. South Carolina Department of Mental Health and Missouri Department of Mental Health retaliated against Mr. Hubbard after his discrimination filing in federal Court against Missouri Department of Mental Health.

20. Courts have defined collusion as "[a]n agreement between two or more persons to defraud a person of his rights by the forms of law or to obtain an object forbidden by law." Warren v. Union Bank of Rochester, 157 N.Y. 259, 51 N.E. 1036, 1038—39 (1898). In a *942 simpler definition, collusion is "[a]n agreement between two or more persons to defraud another of his rights by the forms of law or to secure an object forbidden by law." Ballentine's Law

Dictionary (3d ed.2010). AAA Installers v. Sears Holdings Corp., 764 F.

supp. 2d 931, 941-42 (S.D. Ohio 2011)

21.  "In law, collusion is a species of fraud." GaerBros. Inc. v. Mott 144 Conn. 303. 130 A.2d 804. 807 (1957).

22. The South Carolina Department of Mental Health [SCDMH] established a causal connection with the Missouri Department of Mental Health in addition to retaliation, through discrimination and committing criminal acts that involve collusion. [see below]

23. During the protected act of Mr. Hubbard discrimination filing and on May 5, 2019, Mr. Hubbard sent a text message to his nurse manager, Nicole Broaster, complaining of the use of the word NIGGER and profanity in the workplace.

24. During the protected act of Mr. Hubbard discrimination filing and on April 14, 2019, Mr. Hubbard sent a complaint of harassment and hostile work environment that included the word NIGGER by email to nurse manager Nicole Broaster and Director of Nursing Donna McLane stating the following:

This is a report of harassment and immense disrespect by Sheldon Foster RN. On 4/14/19 Sheldon Foster RN continued to harass me, calling me a girl name, "Linda," in front of several BHA's. He continued to harass me

after I called PSO to the unit to assist with an injection. While giving my name to PSO I referred to the old story of old mother Hubbard to assist her in spelling my name. Sheldon then said, "old mother fuck a Hubbard," in front of several BHA staff including, Stephanie Howard, Samary Jenkins and Seira Kirkland. It is to be noted, I continue to experience a hostile work environment with staff using the word Nigger in the workplace. I have counseled staff about not using that word or profanity in the workplace and Courtney Good has also reported hearing Nigger being used by a female nurse. Thanks Myron Hubbard [see Exhibit 5]

25. During the protected act of Mr. Hubbard discrimination filing and on March 10, 2019, Mr. Hubbard sent a complaint of being cursed at, called dumb and profanity in the workplace by email to nurse manager Nicole Broaster and Director of Nursing Donna McLane stating the following, "This is a report of insubordination and violation of Code of Conduct of Lavida Porter LPN. On today 3/10/19, Lavida Porter LPN, began to intervene when she saw I disagreed with BPH staff. When I told her, I also disagreed with her she said, "take your dumb ass own," with Stylacia Sullivan CC standing there as a witness, thereby, violating Code of Conduct of using profanity in the workplace." . . . " I have written up other staff for using profanity in the workplace and today prior to being cursed out by Lavida, I had to educate another employee, Sierra, that profanity is not allowed in the workplace and could cause termination. So, could you also remind all staff that profanity is not allowed in the workplace and review insubordination and Code of Conduct with Lavida." [see Exhibit 6]

26.  Mr. Hubbard reported the Missouri Department of Mental Health posted gorilla posters around the Nursing Station after he reported one of its nurses for medication errors in his discrimination filing. On 7/29/18 South Carolina Department of Mental Health [SCDMH] a large monkey poster was seen at the nursing station on the unit Mr. Hubbard worked on, pointed directly toward Mr. Hubbard and the medication room he was working in. [See Exhibit 7a and 7b].

27. During the protected act of Mr. Hubbard discrimination filing and on 10/15/2016 Mr. Hubbard experienced insubordination and on 10/25/2016 provided an additional written report per email per Nurse Manager, Ms Hall, request. [See Exhibit 8]

28. After the protective act of Mr. Hubbard discrimination filing, on 4/29/15 Mr. Hubbard reported Justin Scarborough BHA harassment that included disrespectful behavior, disruptive behavior, violating code of conduct, verbal outbursts, profanity, and insubordination that was witnessed by Delia Smith RN. (see South Carolina Department

of Mental Health attachment of Mr. Hubbard Statement to South Carolina Department of Mental Health, Exhibit 9).

29. There is a direct causal connection between the Missouri Department of Mental Health [MDH] and South Carolina Department of Mental Health through the actions of the Missouri Department of Mental Health attorney's office and the actions and statements of South Carolina Department of Mental Health employees.

30. The South Carolina Department of Mental Health employee, albeit reportedly now deceased and frankly suspiciously deceased since she expired at a premature age and would openly talk about the government unlawful acts, when she reported South Carolina Department of Mental Health were aware of Mr. Hubbard "discrimination law suit with the Missouri Department of Mental Health," "your harassment was because of it". . ." going to be made an example of and taught a lesson for filing a discrimination lawsuit," to establish further causal connection.

31. After the protective act of Mr. Hubbard discrimination filing, the South Carolina Department of Mental Health participated in a criminal act against Mr. Hubbard with an attorney who worked out of the same Attorney office as the Missouri Department of Mental Health attorney to further establish acts of collusion as follows:

  a. The South Carolina Department of Mental Health [SCDMH] established a causal connection with the Missouri Department of Mental Health [MDH] when it performed duties for the [MDH] attorney office by playing the role of an accomplice for the [MDH] attorney office to submit false evidence to the St. Louis Circuit Court to get the Plaintiff child support unjustly increased and his wages deducted accordingly.

  b. The South Carolina Department of Mental Health produced a document stating the Plaintiff made $5200 monthly, [see Exhibit 10], when he doesn't have a minimum prescribed salary, rather, is a temporary hourly wage employee, who wages are based on the number of hours he is given in a given pay period. [see Exhibit 11]. For example, the Plaintiff most recent pay check date 4/16/2020 for pay period 3/17/20 to 4/01/20 has his total earnings as $581.10 and his net pay as only $212.09, which is less than half his paycheck, specifically, only 36% of his paycheck after the exaggerated deduction the Defendants created through perjury. [See Above and below]. The Plaintiff did not average $5200 monthly in 2015, 2016, 2017, 2018 nor 2019. See the Plaintiff W2's [see Exhibit 12A, and 12B] to establish the clear FALSITY of their document and Exhibit 11 to establish the Plaintiff as an hourly wage employee.

5

3:20-cv-02482-JFA     Date Filed 06/30/20     Entry Number 1-1     Page 10 of 36

c. The Plaintiff is a temporary hourly wage employee [see Exhibit 11] and does not have a monthly salary which is guaranteed, but SCDMH misrepresented he did. [See Exhibit 10]. To modify a child support order, they must show the change in circumstance is continuing in Missouri, a temporary hourly employee may not qualify but a salary would, hence their reason for the misrepresentation. The false document was part of the false evidence submitted to the St. Louis Circuit Court by MDH attorney office to increase his child support from $356 monthly to $768 monthly on 8/9/2016 to create $18,540.00 worth of damages.

d. Specifically, on 12/2/2015, South Carolina Department of Mental Health employee Sharon Brown of Human Resources, created the adverse employment act during Mr. Hubbard discrimination filing by performing duties for the Missouri Department of Mental Health attorney's office by falsifying his earnings, falsifying he had a salary, providing false evidence, to play the role as an accomplice to get his child support increased to an unjust amount, to get his wages unjustly deducted and establishing further causal connection with [MDH] . [see Exhibit 10].

e. Sharon Brown writing false information on a state document is a criminal act against Mr. Hubbard that could violate perjury laws of

South Carolina and other laws by writing false information on State Documents. South Carolina perjury laws states the following , ". . . (2)It is unlawful for a person to willfully give false, misleading, or incomplete information on a document, record, report or form required by the laws of this State." SECTION 16-9-10. Perjury and subornation of perjury. South Carolina Department of Mental Health employee Sharon Brown was also reported to the Columbia Police Department to officer C. J. Johnson Case #190017096.

32. Simultaneously while SCDMH employee was committing perjury by writing false information on state documents to double his child support obligation, the other government SCDMH employees were creating an immensely hostile work environment with profanity, disrespect and the usage of the word NIGGER in the work place, which would had made most reasonable people quit and suffer the subsequent penalty of nonpayment of the child support order they procured by fraud, where in Missouri child support nonpayment is a felony and is reported to the credit bureau etc., but when the Plaintiff reported SCDMH to the EEOC, they increased the number of shifts they were giving him, thereby, his pay and the hostile work environment diminished, as clear evidence of conscious wrong doing.

33.  After the protective act of Mr. Hubbard discrimination filing, on 4/20/17 Mr. Hubbard suffered more hostile work environment from Debra Bunton LPN through further disrespect, rudeness and insubordination, of which witnessed by PSO staff, Campbell (see South Carolina Department of Mental Health attachment of Mr. Hubbard communication to his nurse manager Hall RN, see Exhibit 13).

34. After the protective act of Mr. Hubbard discrimination filing, Mr. Hubbard would also suffer hostile work environment on 10/21/17, where Bridget Entziminger RN came to work creating a hostile work environment of disrespect, yelling and profanity. (see South Carolina Department of Mental Health attachment of Mr. Hubbard communication to K. Myers supervisor and L Hall nurse manager of hostile work environment See Exhibit 14)

35. All of the Plaintiff injuries at Missouri Department of Mental Health prior to his discrimination filings were promptly and properly treated but NONE at South Carolina Department of Mental Health were promptly nor properly treated after his discrimination filings, rather, were either negligently treated or not treated at all where the South Carolina Department of Mental Health failed to forward injury reports to the Workman's Comp Commission, then lied and denied the injury occurred.  [see Exhibit 20A and 20B]

36. Postexposure prophylaxis (PEP) is recommended for health-care personnel who have occupational exposure to blood or other body fluids that may contain human immunodeficiency virus (HIV).

37. After the protective act of Mr. Hubbard discrimination filing, SCDMH risked Mr. Hubbard life in discriminatorily refusing HIV prophylaxis following Occupational Exposure. Specifically, Mr. Hubbard was cleaning blood off the nursing station after a patient smeared blood all over the nursing station and some splashed in his eye after he took off his glove. [see Exhibit 16].  SCDMH tested the pt and lied and said since the pt tested negative, it didn't count as an exposure but another employee, Sharmell Johnson, said he was given HIV prophylaxis following his Occupational Exposure, even though the pt also tested negative, to establish Mr. Hubbard was treated differently, in addition to negligently, that could have murdered Hubbard.

38. Mr. Hubbard sustained injuries to his knee on 2/27/16 [see Exhibit 17] and to his back on 3/10/2018 [see Exhibit 18]. He was denied diagnosis and treatment to both his knee and back in 2018 by Workman's Comp. On 12/23/19 a Workman's Comp representative instructed Mr. Hubbard to fill out a form 50 for those injuries in addition to the report of injuries that was already submitted to South Carolina Department of Mental Health on or about the day of the injuries. [see Exhibit 19A and 19B].

39. After the protective act of Mr. Hubbard discrimination filing, Mr Hubbard emailed his nurse manager, Nichole Broaster and acting nurse manager, Warren Gill, the following about being discriminatorily treated and South Carolina Department of Mental Health committing Workman's Comp fraud by not forwarding report of injuries to Workman's Comp then lying and denying the injury occurred [see Exhibit 20A and 20B] when he sent the following email that stated, in part, the following:

> This is a complaint of unfair discriminatory treatment and workmens comp fraud to leave Myron Hubbard, who was injured at BPH, responsible for covering his own medical expenses. While the injuries hasn't caused Myron Hubbard to miss significant work days, he still require treatment for these injuries. Myron Hubbard has received letters indicating South Carolina Department of Mental Health has been lying and denying the injuries occurred, thereby, fraud. Specifically, on 3/18/20 South Carolina Worker's Compensation Commission sent Mr. Hubbard stating the following, "The South Carolina Worker's Compensation Commission has received notice from the following carrier/employer that denies you sustained an injury", for the back injury that Mr. Hubbard sustained 3/10/18, even though, in addition to report of injury submitted to the nurse manager office, a M-300 was completed, since the Mr. Hubbard was struck in the back very hard while putting restraints on the bed. Further, the oncall Dr. was notified, along with Mr. Hubbard list the witnesses on the report of injury form. South Carolina Worker's Compensation Commission also sent a similar letter on 3/18/20 also stating South Carolina Department of Mental Health [SCDMH]was also denying Mr. Hubbard knee injury also that occurred 2/27/16, even though the knee injury was reported directly to Sheronda Smith, the acting nurse manager at the time, who gave Mr. Hubbard the instruction on how to fill out report of injury forms. Further, Mr. Hubbard can likely obtained proof the inury were reported to Ms. Smith. Next, employers are reportedly suppose to forward report of injuries to workmen's comp of which South Carolina Department of Mental Health has not been doing, then try to lie that the injury didn't occur. Workmans comp denied diagnoses and treatment to both Mr Hubbard back and knee in 2018. In 2015, upon Mr. Hubbard hiring, he was not allowed to have health insurance, in 2016 during his annual contract, he was allowed savings plus, which has high deductible and treatment is therefore unaffordable. At a subsequent annual contract, Mr. Hubbard attempted to upgrade to standard and SCDMH refused, stating he had to wait until open enrollment, approx. 6 month letter. Mr. Hubbard didn't acquire standard insurance until 2019, and its here where he was able to see a specialist who ordered the MRI, which showed a torn meniscus and other damage. Mr. Hubbard had been treating his back pain with Motrin but the Dr. discontinued because it is causing Mr. Hubbard kidney damage. Mr. Hubbard has been seeing a back Dr. and rehab with his standard insurance and his own money. [See Exhibit 20]

8

40. The incident of 3/10/18 involving Mr Hubbard back was reported to the oncall Doctors of Dr Breen and Dr Cometto, along with the nurse supervisor, Kenneth Myers.

41. Stage 2 Kidney Disease means you have kidney damage and an eGFR between 60 and 89. As explained above in the email, Mr. Hubbard was treating his back pain he sustained working for SCDMH with Motrin but the Dr. discontinued, since it was causing damage to his kidneys placing him into stage 2 kidney disease with an eGFR of 81. [see Exhibit 21]

42. As explained in the email above, Mr. Hubbard didn't acquire standard insurance until 2019, and its here where he was able to see a specialist who ordered the MRI on 2/25/20, which showed a torn meniscus and other damage. [see Exhibit 22]

43. The unlawful discriminatory treatment has caused the Plaintiff emotional and physical pain and suffering.

44. Because the Missouri Department of Mental Health VOID orders maybe reviewed its acts aren't completely included in this complaint, however, if they are not reviewed, the Plaintiff will seek to amend his complaint to include Missouri Department of Mental Health pursuant to the Law of VOID Judgments and continuing violation doctrine.


## 45. Prayer of Relief

Actual Damages, compensation for his injuries sustained at SCDMH, Punitive Damages and other damages this Court deems Just.


Respectfully,

Myron Hubbard
211 Brook Pines Dr Apt 12108
Columbia, SC 29210
314.324.1274
humanitarians1@gmail.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Myron Hubbard<br>4426 Blossom St.<br>Unit F-5<br>Columbia, SC 29205 | From: | Greenville Local Office<br>301 North Main St<br>Suite 1402<br>Greenville, SC 29601 |
|---|---|---|---|

☐     *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 436-2020-00221 | Dallen Jones,<br>Investigator Support Asst | (864) 241-4413 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

**Patricia B. Fuller,**
**Local Office Director**

JAN 3 1 2020

*(Date Mailed)*

Enclosures(s)

cc:   Joseph Miller
**Employee Relations Director**
**SC DEPARTMENT OF MENTAL HEALTH**
**2414 Bull Street**
**Columbia, SC 29202**

Exhibit ___

 Gmail

jethro simpson <simpsonjethro2@gmail.com>

---

## Harassment and Hostile Work Environment
1 message

---

**Myron C. Hubbard** <myron.hubbard@scdmh.org>                    Sun, Apr 14, 2019 at 4:25 PM
To: Nichole Broaster <nichole.broaster@scdmh.org>, Donna McLane <donna.mclane@scdmh.org>, "Myron C. Hubbard" <myron.hubbard@scdmh.org>
Cc: "simpsonjethro2@gmail.com" <simpsonjethro2@gmail.com>

This is a report of harassment and immense disrespect by Sheldon Foster RN. On 4/14/19 Sheldon Foster RN continued to harass me, calling me a girl name, "Linda," in front of several BHA's. He continued to harass me after I called PSO to the unit to assist with an injection. While giving my name to PSO I referred to the old story of old mother Hubbard to assist her in spelling my name. Sheldon then said, "old mother fuck a Hubbard," in front of several BHA staff including, Stephanie Howard, Samary Jenkins and Seira Kirkland. It is to be noted, I continue to experience a hostile work environment with staff using the word Nigger in the work place. I have counseled staff about not using that word or profanity in the workplace and Courtney Good has also reported hearing Nigger being used by a female nurse. Thanks Myron Hubbard

PRIVACY NOTICE: THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN SCDMH PATIENT OR OTHER INFORMATION THAT IS PRIVATE AND PROTECTED FROM DISCLOSURE BY APPLICABLE LAW INCLUDING: 45 CFR PART 160 (HIPAA), § 44-22-100, S.C. CODE OF LAWS (SCDMH PATIENT CONFIDENTIALITY), AND WHEN APPLICABLE, 42 CFR PART 2 (ALCOHOL AND DRUG PROGRAM CONFIDENTIALITY.) IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION, OR THE INFORMATION CONTAINED WITHIN IT, IS STRICTLY PROHIBITED AND MAY SUBJECT THE VIOLATOR TO CIVIL AND/OR CRIMINAL PENALTIES. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, REPLY E-MAIL OR FAX USING THE PHONE NUMBER OR ADDRESS IDENTIFIED IN THIS COMMUNICATION AND DESTROY OR DELETE ALL COPIES OF THIS COMMUNICATION AND ALL ATTACHMENTS.

Exhibit 5

 **Gmail**

jethro simpson <simpsonjethro2@gmail.com>

## Insubordination and Violation of Code of Conduct
1 message

**Myron C. Hubbard** <myron.hubbard@scdmh.org>                    Sun, Mar 10, 2019 at 5:30 PM
To: "simpsonjethro2@gmail.com" <simpsonjethro2@gmail.com>, Nichole Broaster
<nichole.broaster@scdmh.org>, Donna McLane <donna.mclane@scdmh.org>

This is a report of insubordination and violation of Code of Conduct of Lavida Porter LPN. On today 3/10/19, Lavida Porter LPN, began to intervene when she saw I disagreed with BPH staff. When I told her, I also disagreed with her she said, "take your dumb ass own, " with Stylacia Sullivan CC standing there as a witness, thereby, violating Code of Conduct of using profanity in the workplace. It is to be noted, Lavida had already received verbal warnings before, regarding disrespect and insubordination and has had multiple complaints from the patients regarding her rude behavior. Yesterday, when she saw we were going to give a patient a PRN, she left for her lunch early and it is to also be noted, it seem she was gone for longer than the 30 minutes allowed, but you would have to check to confirm. Give me a call if you have any questions. It is also be noted, I have written up other staff for using profanity in the workplace and today prior to being cursed out by Lavida, I had to educate another employee, Sierra, that profanity is not allowed in the workplace and could cause termination. So could you also remind all staff that profanity is not allowed in the workplace and review insubordination and Code of Conduct with Lavida. Thanks, Myron Hubbard

PRIVACY NOTICE: THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN SCDMH PATIENT OR OTHER INFORMATION THAT IS PRIVATE AND PROTECTED FROM DISCLOSURE BY APPLICABLE LAW INCLUDING: 45 CFR PART 160 (HIPAA), § 44-22-100, S.C. CODE OF LAWS (SCDMH PATIENT CONFIDENTIALITY), AND WHEN APPLICABLE, 42 CFR PART 2 (ALCOHOL AND DRUG PROGRAM CONFIDENTIALITY.) IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION, OR THE INFORMATION CONTAINED WITHIN IT, IS STRICTLY PROHIBITED AND MAY SUBJECT THE VIOLATOR TO CIVIL AND/OR CRIMINAL PENALTIES. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, REPLY E-MAIL OR FAX USING THE PHONE NUMBER OR ADDRESS IDENTIFIED IN THIS COMMUNICATION AND DESTROY OR DELETE ALL COPIES OF THIS COMMUNICATION AND ALL ATTACHMENTS.

Exhibit 6



Exhibit ___7A___



Exhibit 7B

**/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECII**

| | |
|---|---|
| **From:** | Myron C. Hubbard |
| **Sent:** | Tuesday, October 25, 2016 12:56 PM |
| **To:** | Lashawnda E. Hall |
| **Cc:** | Myron C. Hubbard |
| **Subject:** | FW: Insubordination and additional report |

On or about 10/15/2016 a report of insubordination was made on Adeniran Adeniji.  On 10/25/2016 L. Hall Nurse Manager asked I make an additional written report.  The report as follows:  On 10/15/2016 Adeniran Adeniji was asked to prepare Pod 2 and he refused to do so in front of other staff and patients.  He was asked to join me in the Nursing Station to discuss his insubordination and he informed me he was refusing because he didn't want to do another staff member assignment that he believed had been not doing his assignments all day.  He was educated the matter had nothing to do with the other staff member, Kweku, rather it had to do with him being ask to do a task for a charge nurse and him refusing to do so and, therefore, insubordination.  He was being given an opportunity to correct his behavior before a formal process was initiated.  He was informed that, if he insisted on his insubordination the matter would be reported and he indicated he didn't care.  On 10/25/2016 Ms. Hall Nurse Manager reported he claimed he was insubordinate because he didn't want to leave his current assignment.  I, Myron Hubbard, emphatically reject and deny this alleged claim, since he reported on or about 10/15/2016 he was refusing my instruction because he didn't want to do another staff member assignment that he felt was performing his assignments that day.  Thanks, Myron Hubbard

**From:** Myron C. Hubbard
**Sent:** Saturday, October 15, 2016 8:23 PM
**To:** Lashawnda E. Hall
**Cc:** Myron C. Hubbard
**Subject:** Insubordination

This is a report of insubordination.  Adeniran Adeniji was told to prepare Pod 2 and he refused to do so.  He was informed his insubordination would be reported.  Thanks, Myron Hubbard

1

*Exhibit* ___8___

## South Carolina Department of Mental Health

### STATEMENT OF

NAME: Myron Hubbard RN

ADDRESS: 4426 Blossom St. Unit F.S

SS#: _____

DOB: _____

Made at _____

This 19 day of April 2015 Start Time: approx. 11 AM End Time: 5:59 AM

On 4/29/15 Justin Scarborough demonstrated disrespectful and disruptive behavior that violated SCDMH code of conduct. I attempted to verbal counsel Mr. Scarborough with another RN present Delia Smith and he stated, "I don't have shit to say to you," "Put it in writing," Mr. Scarborough violated the code of conduct through verbal outbursts, profanity, disrespect and insubordination. (MH)

I have made the above statement freely, voluntarily, without fear, threat, or promise of reward of any kind. I have re-read or had read to me the above statement consisting of _____ 1 _____ pages, and a true copy has been given to me on this date 4/29/15 .

Sworn to and subscribed before me
this 29th day of April , 2015

_____
Notary Public of South Carolina

My Commission Expires _____

MHRN / Myron Hubbard RN
Signature of Person Making Statement

D Smith
Witness

JK Campbell
Witness

SCDMH FORM
AUG. 80 (REV. JUN. 03) SD-14
REC. SCHED. 00034

Exhibit _____ 9 _____

12/02/2015  WED 17:00  FAX

**MISSOURI DEPARTMENT OF SOCIAL SERVICES**
**FAMILY SUPPORT DIVISION**
**EMPLOYMENT VERIFICATION REQUEST**

☑002/002

10089018

| FROM | Family Support Division<br>PO Box 6790<br>Jefferson City, MO 65102-6790 | TELEPHONE NUMBER  (573) 526-0900 |
|---|---|---|
| | | FAX NUMBER  (573) 635-7545 |
| | | OFFICE FIPS CODE  05110 | REQUEST SEQUENCE  00039 |

| TO | EMPLOYER<br>ADJUTANT GENERAL         DEC 1 2015 | MEMBER NUMBER  MM22321183 | 91041883 |
|---|---|---|---|
| | ADDRESS<br>1200 SENATE ST RM 30 | FEDERAL EMPLOYER IDENTIFICATION NUMBER (FEIN)  576000286 |
| | | RE:  MYRON HUBBARD SR |
| | CITY  COLUMBIA   STATE  SC   ZIP CODE  29201-3734 | SOCIAL SECURITY NUMBER  ▮▮▮-▮▮-9608 |

The Family Support Division (FSD) is responsible for establishing, enforcing and modifying support orders as required by federal and state law. FSD requests your assistance in providing information about the above-named parent (or alleged parent)

- Federal regulation 45 CFR 303.3(b) requires FSD to attempt to locate specific parents and their sources of income and/or assets.
- Under Missouri Revised Statutes  Section 454.440.2  "...government agencies, businesses, and financial entities shall provide information  (to FSD)  if known  or chronicled in their business records, notwithstanding any other provision of law making the information confidential." Your failure to respond to this request within  60 days could result in FSD requesting the Missouri Attorney General to file legal action against you

Under penalty of law, employees or agents of FSD are prohibited from disclosing any information provided by an employer, business or financial entity unless it is directly related to the administration of the child support program (Section 454.440.9, RSMo)

Please forward your response to the address or fax number above or respond online at  **www.missouriemployer.dss.mo.gov.**

DIRECTOR, MISSOURI FAMILY SUPPORT DIVISION

JULIE GIBSON

DATE  11-17-2015

| 1. LAST-KNOWN ADDRESS  *Post Office Box 14  St. Louis  Missouri  63074* |
|---|

| 2. TELEPHONE NUMBER  *314-324-1274* | 3. DATE OF BIRTH  *11-23-1971* | 4. SOCIAL SECURITY NUMBER  *▮▮▮-▮▮-9608* |
|---|---|---|

| 5. DATES OF EMPLOYMENT  FROM *3-2-2015* TO *Present* | 6. HOURS EMPLOYED (IF CURRENTLY WORKING)  FROM *N/A* TO |
|---|---|

| 7. HOURLY WAGE  *$30.00* | 8. GROSS MONTHLY INCOME  *5,200.17* | 9. AVERAGE OVERTIME HOURS PER WEEK  *N/A* |
|---|---|---|

| 10. DO YOU OFFER HEALTH INSURANCE COVERAGE TO YOUR EMPLOYEES AND THEIR DEPENDENTS?  ☑ YES  ☐ NO |
|---|

| 11. IS THIS EMPLOYEE ENROLLED IN A HEALTH INSURANCE PLAN OFFERED BY YOU?  ☐ YES  ☑ NO |
|---|

| 12. NAME AND ADDRESS OF HEALTH INSURANCE COMPANY (ANSWER REGARDLESS OF EMPLOYEE PARTICIPATION AT PRESENT)  *N/A* |
|---|

| 13. HEALTH INSURANCE DEDUCTIONS  $           PER (WEEK, MONTH, ETC.)  *N/A* | 14. NAMES OF DEPENDENTS COVERED BY EMPLOYER HEALTH INSURANCE  *N/A* |
|---|---|

| 15. POLICY NUMBER  *N/A* | 16. DISABILITY/INSURANCE CLAIMS PENDING  *N/A* |
|---|---|

| 17. NAME OF UNION AND LOCAL NUMBER (IF APPLICABLE)  *N/A* |
|---|

| 18. PRESENT EMPLOYER, IF KNOWN (USE REVERSE IF MORE SPACE NEEDED)  *SC Dept of Mental Health* | 19. TELEPHONE NUMBER  *(803) 898-8600* |
|---|---|

**INFORMATION PROVIDED BY**

| NAME  *Sharon S Brown* | TITLE  *HRS* | TELEPHONE NUMBER  *(803) 898-8600* | DATE  *12-2-2015* |
|---|---|---|---|

FSD USES THE FEIN TO IDENTIFY EMPLOYERS WHEN ISSUING WITHHOLDING ORDERS AND EMPLOYMENT VERIFICATION REQUESTS.
IF THE ABOVE FEIN IS NOT CORRECT FOR YOUR COMPANY OR THE FIELD IS BLANK,   FEIN

**PLEASE PROVIDE YOUR COMPANY'S FEIN HERE:** ➡

MO 886-0304 (7-15)

CS-402 (Rev  7-15)

**Exhibit ___10___**

**South Carolina Department of Mental Health**
**Temporary Employment Statement of Understanding**

I understand that I am being hired as a temporary appointment as follows:

_Myra Hibbard_     _BPH_         _3/17/2016_
Employee Name          Location             Effective Date

_RN II_        $ _30.00_
Position Title       Hourly Rate/Salary         Project Title

☐   Temporary Hourly Without Benefits – I will not be entitled to fringe benefits e.g., paid leave, paid holidays, health, life, disability, dental, vision or other state sponsored insurance programs. I will be paid only for hours worked. My employment cannot exceed 12 months

☐   Temporary Grant or Time Limited Without Benefits – I will not be entitled to fringe benefits, e.g., paid leave, paid holidays, health, life, disability, dental, vision or other state sponsored insurance programs.

☐   Temporary Grant or Time Limited With Benefits – I will be entitled to certain fringe benefits contingent upon grant or other funding for benefits and in accordance to human resources regulations, retirement, insurance services policies and guidelines.

I understand that:      I may be release from employment at any time, for any reason or for no reason at all, with or without cause.

I will NOT obtain covered status as a Temporary Hourly, Temporary Grant or Time Limited state employee and therefore, I will have no grievance rights, progressive disciplinary process, nor will I have rights under Reduction in Force policies.

I have the option of membership in the State Retirement System except that if I currently have retirement funds on deposit, I will be required to continue contributing to the Retirement System

I will not be subject to the Employee Performance Management System (EPMS) process nor have substandard job performance rights.

All leave must be taken during the period of employment, unless funds to pay for unused annual leave are provided in the program.

There is no guarantee of continued employment beyond the funding period for the position.

I must abide by the agency's rules and policies.

I acknowledge reading, understanding and receiving a copy of this Temporary Employment Statement of Understanding.

_____        _2/19/16_
Employee Signature                 Date

_Carolyn White_          _2/29/2016_
Agency Representative's Signature      Date

THE LANGUAGE USED IN THIS DOCUMENT DOES NOT CREATE AN EMPLOYMENT CONTRACT BETWEEN THE EMPLOYEE AND THE AGENCY. THIS DOCUMENT DOES NOT CREATE ANY CONTRACTUAL RIGHTS OR ENTITLEMENTS. THE AGENCY RESERVES THE RIGHT TO REVISE THE DOCUMENT IN WHOLE OR IN PART. NO PROMISES OR ASSURANCES, WHETHER WRITTEN OR ORAL, WHICH ARE CONTRARY TO OR INCONSISTENT WITH CREATE ANY CONTRACT OF EMPLOYMENT.

SCDMH FORM
AUG. 96 (REV. APR. 12)

Exhibit _11_

Department of the Treasury—Internal Revenue Service

**Form 1 (2016):**

| d Control number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 10089018 | 49870.96 | 4187.19 |

| OMB No. 1545-0008 | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| This information is being furnished to the Internal Revenue Service. | 49870.96 | 3092.00 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 49870.96 | 723.13 |

c Employer's name, address and ZIP code

STATE OF SOUTH CAROLINA, COMPTROLLER GEN
1200 SENATE STREET ROOM 305
COLUMBIA SC 29201

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 DD 3983.22 |
| 12b | 12c | 12d |

b Employer identification number (EIN) 01-0936007
a Employee's social security number

13 Statutory employee | Retirement plan | Third-party sick pay | 14 Other

e Employee's name, address and ZIP code

MYRON C HUBBARD
4426 BLOSSOM STREET UNIT F5
COLUMBIA SC 29205

| 15 State SC | Employer's state ID No. 25541442-0 | 16 State wages, tips, etc. 49870.96 |
|---|---|---|
| 17 State income tax 2297.85 | 18 Local wages, tips, etc. | |
| 19 Local income tax | 20 Locality name | |

**2016**
**W-2 Wage and Tax Statement**
Copy B – To Be Filed With Employee's FEDERAL Tax Return

Department of the Treasury—Internal Revenue Service

---

**Form 2 (2015):**

| d Control number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 10089018 | 43906.28 | 4590.25 |

| OMB No. 1545-0008 | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| | 43906.28 | 2722.19 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 43906.28 | 636.64 |

c Employer's name, address and ZIP code

STATE OF SOUTH CAROLINA, COMPTROLLER GEN
1200 SENATE STREET ROOM 305
COLUMBIA SC 29201

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 |
| 12b | 12c | 12d |

b Employer identification number (EIN) 01-0936007
a Employee's social security number

13 Statutory employee | Retirement plan | Third-party sick pay | 14 Other

e Employee's name, address and ZIP code

MYRON C HUBBARD
POST OFFICE BOX 14
ST. LOUIS MO 63074

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

| 15 State SC | Employer's state ID No. 25541442-0 | 16 State wages, tips, etc. 43906.2 |
|---|---|---|
| 17 State income tax 2228.93 | 18 Local wages, tips, etc. | |
| 19 Local income tax | 20 Locality name | |

**2015**
**W-2 Wage and Tax Statement**
Copy C For EMPLOYEE'S RECORDS
(see Notice to Employee on the back of Copy B.)

---

Department of the Treasury—Internal Revenue Service

**Form 3 (2018):**

| d Control number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 10089018 | 45878.31 | 2925.96 |

| OMB No. 1545-0008 | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| | 45878.31 | 2844.46 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 45878.31 | 665.24 |

c Employer's name, address and ZIP code

STATE OF SOUTH CAROLINA, COMPTROLLER GEN
1200 SENATE STREET ROOM 305
COLUMBIA SC 29201

| 7 Social security tips | 8 Allocated tips | 9 Verification code |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 DD 7357.44 |
| 12b | 12c | 12d |

b Employer identification number (EIN) 01-0936007

**2018**

---

**Form 4 (2017):**

| d Control number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 10089018 | 45883.37 | 3212.12 |

| OMB No. 1545-0008 | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| | 45883.37 | 2844.7 |
| | 5 Medicare wages and tips | 6 Medicare tax withheld |
| | 45883.37 | 665.31 |

c Employer's name, address and ZIP code

STATE OF SOUTH CAROLINA, COMPTROLLER GEN
1200 SENATE STREET ROOM 305
COLUMBIA SC 29201

| 7 Social security tips | 8 Allocated tips | 9 Verification code |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 DD 7110? |
| 12b | 12c | 12d |

b Employer identification number (EIN) 01-0936007
a Employee's social security number

13 Statutory employee | Retirement plan | Third-party sick pay | 14 Other

e Employee's name, address and ZIP code

MYRON C HUBBARD
4426 BLOSSOM STREET UNIT F5
COLUMBIA SC 29205

| 15 State SC | Employer's state ID No. 25541442-0 | 16 State wages, tips, etc. 45883.37 |
|---|---|---|
| 17 State income tax 1911.23 | 18 Local wages, tips, etc. | |
| 19 Local income tax | 20 Locality name | |

**2017**
**Form W-2 Wage and Tax Statement**
Copy 2 – To Be Filed With Employee's State, City, or Local Income Tax Return
Department of the Treasury Internal Revenue Service

Exhibit II-A

| d Control number 10089018 | 1 Wages, tips, other compensation 48284.39 | 2 Federal income tax withheld 1435.33 |
|---|---|---|
| OMB NO. 1545-0008 This information is being furnished to the Internal Revenue Service. | 3 Social security wages 48284.39 | 4 Social security tax withheld 2993.63 |
| | 5 Medicare wages and tips 48284.39 | 6 Medicare tax withheld 700.12 |

c Employer's name, address and ZIP code

**STATE OF SOUTH CAROLINA, COMPTROLLER GEN**
**1200 SENATE STREET ROOM 305**
**COLUMBIA SC 29201**

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 DD    9348.96 |
| 12b | 12c | 12d |

| b Employer identification number (EIN) 01-0936007 | a Employee's social sec |
|---|---|

| 13 Statutory employee | Retirement plan | Third-party sick pay | 14 Other |
|---|---|---|---|

e Employee's name, address and ZIP code

**MYRON CORNELL HUBBARD**
**UNIT F5**
**4426 BLOSSOM STREET**
**COLUMBIA, SC 29205**

| **2019** | 15 State SC | Employer's state ID No. 25541442-0 | 16 State wages, tips, etc. 48284.39 |
|---|---|---|---|
| **W-2** Wage and Tax Statement | 17 State income tax 1401.27 | | 18 Local wages, tips, etc. |
| Copy B-To Be Filed With Employee's FEDERAL Tax return | 19 Local income tax | | 20 Locality name |

Department of the Treasury—Internal Revenue Service

Exhibit _12 B_

**/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECII**

| | |
|---|---|
| **From:** | Myron C. Hubbard |
| **Sent:** | Friday, April 21, 2017 1:36 AM |
| **To:** | Lashawnda E. Hall; Myron C. Hubbard |
| **Cc:** | Myron C. Hubbard |
| **Subject:** | insubordination |

This is a report of insubordination witnessed by PSO Campbell staff. On 4/20/17 Debra Bunton LPN displayed disrespect, rudeness and insubordination. Pt. was ordered force medication if he refused Risperdal dosage. She refused to give dosage despite being ordered to do so by Charge Nurse and Dr. Orders. She also tried to lie when pt. made an attempt to change his mind and said his Risperdal was unavailable, although there was some Risperdal available, albeit he refused it anyway. I had to give the injection myself.

Respectfully,

Myron Hubbard MSN RN

4/20/17

Exhibit 13

**Myron C. Hubbard**

| | |
|---|---|
| **From:** | Myron C. Hubbard |
| **Sent:** | Saturday, October 21, 2017 11:46 PM |
| **To:** | 'Kenneth E. Myers'; 'Lashawnda E. Hall' |
| **Subject:** | Hostile work environment |

Please talk to Bridget Entziminger RN who comes to work creating a hostile work environment with behavior that include disrespect, yelling and profanity.

Exhibit __14__



South Carolina
Department of
Mental Health

# REPORT OF INJURY

**INSTRUCTIONS:** This report should be prepared on a typewriter, printed or filled in as a computer generated form and must be completed for every injury, no matter how minor. All treatment must be authorized.

Name (Last, First, Middle Initial)     Title          Date of Birth     Social Security No.     Date of Hire

Hubbard , Myron C RN                                                                              3/15

Home Address     (City, State, Zip)                                    Home Phone (Area Code)     Sex

4426 Blossom St. Unit F-5  Columbia, SC 29205     (  ) 524-1174        ☒ Male
                                                                                                 ☐ Female

Location (Facility)          Work Phone          Organizational component (division, service, or section)

BPH Lodge G          935-5283          Nursing

Person to whom accident reported                    Position title of person reported to

Myron Hubbard RN                          Nurse Manager Nicole Droutter RN

Was injury incurred in line of duty?               Where did accident occur?

Yes ☒     No ☐     Questionable ☐     Nursing Station on Lodge G

| Time employee began work | Date injury reported | Time reported | Date accident occurred | Time occurred |
|---|---|---|---|---|
| ___ AM  5 PM | 12/9/18 | 10:49 AM ☒ PM | 12/9/18 | 8:22 AM ☒ PM |

Type and location of injury

Pt. blood splashed in eye when removing gloves

What was the employee doing when accident occurred? What tools, equipment, or materials was the employee using?

How did accident occur? (Describe the accident fully stating whether the employee fell or was struck, such as fell down stairs, slipped on wet floor. Give all factors contributing to the accident). What object or substance harmed the employee?

Pt. blood ( ▬▬▬▬ ) splashed in eye when removing gloves

* If this was an assault by a patient, please state patient's ID number:

What corrective action was taken to prevent recurrence? This section to be filled out by the supervisor.

Witnesses (Names, addresses, and phone numbers)

12/9/18                    My (RN /M. Hubbard RN

Date          Signature of Employee

12/9/18                    My (RN /Myron Hubbard RN

Date          Signature of Supervisor          Phone Number          Pager Number          Fax Number
                                               (  )                   (  )                  (  )

SCDMH Form
MAR 1985 (Rev. APR 2009)
Rec: Sched 00114          HRS-16 Pg. 1 of 2

**Exhibit** 16


**South Carolina Department of Mental Health**

# REPORT OF INJURY

**INSTRUCTIONS:** This report should be prepared on a typewriter, printed or filled in as a computer generated form and must be completed for every injury, no matter how minor. All treatment must be authorized.

Name (Last, First, Middle Initial)   Title   Date of Birth   Social Security No.   Date of Hire
Hubbard, Myron RN   3/1/15

Home Address   (City, State, Zip)   Home Phone (Area Code)   Sex
4426 Blossom St. Unit F-S   (314) 324-1274   ☒ Male  ☐ Female

Location (Facility)   Work Phone   Organizational component (division, service, or section)
BPH Lodge G   Nurse Manager

Person to whom accident reported   Position title of person reported to
Sheronda Smith   Nurse Manager

Was injury incurred in line of duty?   Where did accident occur?
Questionable ☐   Lodge G

Date injury reported   Time reported   Date accident occurred   Time occurred
2/27/16   1231 ☐ AM ☐ PM   2/27/16   850 ☐ AM ☐ PM

Strain

What was the employee doing when accident occurred? What tools, equipment, or materials was the employee using?
BEST Technique to prevent patient from fighting

Describe the accident fully stating whether the employee fell or was struck, such as fell down stairs, slipped on wet floor. Give all factors contributing to the accident). What object or substance harmed the employee?
attacking another pt. and I used best BEST prevent him from doing so and strained my knee

If this was an assault by a patient, please state patient's ID number:

What corrective action was taken to prevent recurrence? This section to be filled out by the supervisor.
pt. was given Ativan 2mg IM c PSO and Bed changed for safety

Witnesses (Names, addresses, and phone numbers)
Ethel Nibles BHAC 2/27/16
2/27 2/28/16   m/pr/Myron Hubbard RN

Date   Signature of Employee

Date   Signature of Supervisor   Phone Number ( )   Pager Number ( )   Fax Number ( )

SCDMH Form
MAR 1985 (Rev. APR 2009)
Rec: Sched 00114    HRS-16  Pg. 1 of 2

**Exhibit 17**



**South Carolina Department of Mental Health**

# REPORT OF INJURY

**INSTRUCTIONS:** This report should be prepared on a typewriter, printed or filled in as a computer generated form and must be completed for every injury, no matter how minor. All treatment must be authorized.

| Name (Last, First, Middle Initial) | Title | Date of Birth | Social Security No. | Date of Hire |
|---|---|---|---|---|
| Hubbard, Myron | | | | 3/2015 |

| Home Address (City, State, Zip) | Home Phone (Area Code) | Sex |
|---|---|---|
| 4426 Blossom St Unit F-5 | (314) 524-1274 | ☒ Male ☐ Female |

| Location (Facility) | Work Phone | Organizational component (division, service, or section) |
|---|---|---|
| BPH | 935-5375 | |

| Person to whom accident reported | Position title of person reported to |
|---|---|
| Dr. Came Ho | On Call Dr |

**Was injury incurred in line of duty?**   Yes ☒   No ☐   Questionable ☐

**Where did accident occur?** Pt. Room

| Time employee began work | Date injury reported | Time reported | Date accident occurred | Time occurred |
|---|---|---|---|---|
| 300 PM | 3/10/18 | 854 PM | 3/10/18 | 840 PM |

**Type and location of injury**

Punched on already injured back

**What was the employee doing when accident occurred? What tools, equipment, or materials was the employee using?**

→ putting restraints on bed
→ Restraints

**How did accident occur?** (Describe the accident fully stating whether the employee fell or was struck, such as fell down stairs, slipped on wet floor. Give all factors contributing to the accident). What object or substance harmed the employee?

While putting restraints on bed, pt. came from behind and struck me hard on the back, which was already injured previously

**\* If this was an assault by a patient, please state patient's ID number:**

**What corrective action was taken to prevent recurrence?** This section to be filled out by the supervisor.

pt. was placed in 4 pt. restraints

**Witnesses (Names, addresses, and phone numbers)**

Kenneth Pelzer BHA
Naomi Begallery CC          3/10/18   ~, CM /Myron Hubbard

| Date | Signature of Employee |
|---|---|

| Date | Signature of Supervisor | Phone Number ( ) | Pager Number ( ) | Fax Number ( ) |
|---|---|---|---|---|

SCDMH Form
MAR 1985 (Rev. APR 2009)
Rec: Sched 00114          HRS-16 Pg. 1 of 2

**Exhibit** 18

**South Carolina Workers' Compensation Commission**
1333 Main Street, Suite 500 • Post Office Box 1715
Columbia, South Carolina 29202-1715
(803) 737-5723  www.wcc.sc.gov

WCC File #: _____
Carrier File #: _____
Carrier Code #: _____
Employer FEIN #: _____

| | |
|---|---|
| Claimant's Name: Myron Hubbard   SSN: | Employer's Name: South Carolina Department of Mental Health |
| Address: 211 Brook Pines Dr. Apt. 12108 | Address: 2414 Bull St. |
| City: Columbia   State: SC   Zip: 29210 | City: Columbia   State: SC   Zip: 29201 |
| Home Phone: (314) 324-1274   Work Phone: (803) 935-5283 | Insurance Carrier: PEBA |
| Preparer's Name:   Law Firm: | Preparer's Phone #: (   ) - |

**A claim for workers' compensation benefits is made based on the following grounds:**

☒ Injury ☐ Illness ☐ Repetitive Trauma ☐ Occupational Disease ☐ Physical Brain Injury ☐ Concurrent Jurisdiction

1. The claimant sustained an injury to **Back** (Part(s) of Body Injured) on 3/10/18 (Month/Day/Year) in Columbia county, state of SC.
   Body part(s) affected are: **Back**
2. Briefly describe how the accident occurred. Punched in the back 3/10/18. Stopping a pt from eloping 11/1/17

3. Both the claimant and the employer were subject to the South Carolina Workers' Compensation Act at the time of injury.
4. The relationship of employer and employee existed at the time of injury.
5. At the time of the injury the claimant was performing services arising out of and in the course of employment.
6. Notice of the accidental injury was given to the Employer on 3/10/18 (Month/Day/Year) in the following manner:
   Report of Injury Form

☐ 7. Due to injury, the claimant is in need of (check one):
   ☒ (a) medical examination and treatment for: Back
   ☒ (b) additional medical examination and treatment for: Back

☐ 8. Due to injury, the claimant requests temporary total disability benefits because of lost compensable time from work and wages for the period of:
   NA

☐ 9. Due to the injury, the Claimant has permanent disability of the following nature and extent (check one):

   ☐ (1) General Disability: ☐ Total ☐ Partial   ☐ (2) Specific Disability: ☐ Total ☐ Partial   ☐ (3) Wage Loss

   9a. Claimant at MMI: ☐ Yes ☐ No

☐ 10. Due to the injury, the Claimant has a serious bodily disfigurement consisting of:

10a. NA At the time of the injury, the Claimant was paid weekly wages of $30/hr, and demands accounting of days worked and wages earned as provided by law. NA

10b. Give names and addresses of all employers for whom the Claimant has worked since the date of the accident:
   South Carolina Department of Mental Health (SCDMH)

11. Further grounds or unusual aspects of claim: The pain medication taking for back pain can cause kidney and liver damage. This injury failed to heal. This injury came subsequent to back injury at this employer 11/1/17

11a. List names and addresses of all physicians or other medical specialists who have seen or treated the Claimant as a result of the accident:
   Palmetto Health and Lexington Medical managed medical injury but failed to resolve.

11b. To the best of your knowledge, did you have any prior permanent disability? No, Never been on permanent disability
   If yes, describe: _____

12. Appropriate benefits as provided in the Act for the above grounds and other relief as the Workers' Compensation Commission may direct as just and proper.

☒ 13. I am filing a claim. I am not requesting a hearing at this time.   Estimated time needed for hearing: _____

☐ 14. I am requesting a hearing. A $50 fee is required.

☐ Mediation
   ☐ a.   Mediation is requested to be ordered pursuant to Reg. 67-1801 B.
   ☐ b.   Mediation is required pursuant to Reg. 67-1802.
   ☐ c.   Mediation is requested by consent of the Parties pursuant to Reg. 67-1803.
   ☐ d.   Mediation has been conducted by a duly qualified mediator and resulted in an impasse.
   Questions regarding mediation may be submitted to mediation@wcc.sc.gov.

I certify I have served this document pursuant to Reg. 67-211 by delivering a copy to _____
address _____ on the ___ day of ___ 20___, by ☐ first class postage ☐ certified mail ☐ personal service ☐ electronic service

I verify the contents of this form are accurate and true to the best of my knowledge.

| | | | |
|---|---|---|---|
| ~ CLW | Self | human.tarians@gmail.com | 12/13/19 |
| Preparer's Signature | Title | Email | Date |

Questions regarding the use of this form should be directed to the Claims Department at 803.737.5723. Refer to Regulations 67-204 through 67-211 and Regulations 67-601 through 67-615 as well as Reg. 67-1801.

**WCC Form # 50**
Revised 1/19

**50**

**Employee's Notice of Claim**
**Request for Hearing**

Exhibit 19A

**South Carolina Workers' Compensation Commission**
1333 Main Street, Suite 500 • Post Office Box 1715
Columbia, South Carolina 29202-1715
(803) 737-5723  www.wcc.sc.gov

WCC File #: _____
Carrier File #: _____
Carrier Code #: _____
Employer FEIN #: _____

| | |
|---|---|
| Claimant's Name: Myron Hubbard | Employer's Name: South Carolina Department of Mental Health |
| Address: 211 Brook Pines Dr. Apt. 1L108 | Address: 2414 Bull St. |
| City: Columbia  State: SC  Zip: 29210 | City: Columbia  State: SC  Zip: 29201 |
| Home Phone: (814) 314-1274  Work Phone: (803) 935-5063 | Insurance Carrier: PEBA |
| Preparer's Name: | Law Firm:  Preparer's Phone #: (814) 314-1274 |

**A claim for workers' compensation benefits is made based on the following grounds:**

[X] Injury ☐ Illness ☐ Repetitive Trauma ☐Occupational Disease ☐Physical Brain Injury ☐Concurrent Jurisdiction

1. The claimant sustained an injury to Knee (Part(s) of Body Injured) on 12/3/16 (Month/Day/Year) in Columbia county, state of SC.
2. Body part(s) affected are: Knee
   Briefly describe how the accident occurred. Preventing a pt from attacking another pt
3. Both the claimant and the employer were subject to the South Carolina Workers' Compensation Act at the time of injury.
4. The relationship of employer and employee existed at the time of injury.
5. At the time of the injury the claimant was performing services arising out of and in the course of employment.
6. Notice of the accidental injury was given to the Employer on 4/3/16 (Month/Day/Year)  in the following manner:
   Report of Injury Form

☐7. Due to injury, the claimant is in need of (check one):

   [X](a) medical examination and treatment for: Knee

   [X](b) additional medical examination and treatment for: Knee

☐8. Due to injury, the claimant requests temporary total disability benefits because of lost compensable time from work and wages for the period of: NA

☐9. Due to the injury, the Claimant has permanent disability of the following nature and extent (check one):

   ☐(1) General Disability:  ☐Total  ☐Partial    ☐(2) Specific Disability:  ☐Total  ☐ Partial    ☐ (3) Wage Loss

   9a.  Claimant at MMI:  ☐ Yes    ☐ No

☐10. Due to the injury, the Claimant has a serious bodily disfigurement consisting of:

10a. NA At the time of the injury, the Claimant was paid weekly wages of $_____, and demands accounting of days worked and wages earned as provided by law. NA

10b. Give names and addresses of all employers for whom the Claimant has worked since the date of the accident:
   South Carolina Department of Mental Health

11. Further grounds or unusual aspects of claim:
   No examination was done but knee has had episodes of instability and pain since

11a. List names and addresses of all physicians or other medical specialists who have seen or treated the Claimant as a result of the accident:
   NA

11b. To the best of your knowledge, did you have any prior permanent disability? NA Never been on permanent disability
   If yes, describe:

12. Appropriate benefits as provided in the Act for the above grounds and other relief as the Workers' Compensation Commission may direct as just and proper.

[X]13.  **I am filing a claim. I am not requesting a hearing at this time.**    Estimated time needed for hearing: _____

☐14.  **I am requesting a hearing.  A $50 fee is required.**

☐ **Mediation**
   ☐a.    Mediation is requested to be ordered pursuant to Reg. 67-1801 B.
   ☐b.    Mediation is required pursuant to Reg. 67-1802.
   ☐c.    Mediation is requested by consent of the Parties pursuant to Reg. 67-1803.
   ☐d.    Mediation has been conducted by a duly qualified mediator and resulted in an impasse.
   Questions regarding mediation may be submitted to **mediation@wcc.sc.gov.**

**I certify I have served this document pursuant to Reg. 67-211 by delivering a copy to**

address _____ on the ____day of ____20__,by ☐ first class postage ☐certified mail ☐personal service ☐electronic service

**I verify the contents of this form are accurate and true to the best of my knowledge.**

| | | | |
|---|---|---|---|
| Myron Hubbard | Self | humanitarianlegmail.com | 10/23/19 |
| Preparer's Signature | Title | Email | Date |

Questions about the use of this form should be directed to the Claims Department at 803.737.5723.  Refer to Regulations 67-204 through 67-211 and Regulations 67-601 through 67-615 as well as Reg. 67-1801.

**WCC Form # 50**
Revised 1/19

**50**

**Employee's Notice of Claim/**
**Request for Hearing**

Exhibit 19B

## Myron Hubbard

**From:** Myron Hubbard
**Sent:** Sunday, April 19, 2020 6:15 PM
**To:** Nichole Broaster; humanitarians1@gmail.com; simpsonjethro2@gmail.com; humanitarians1@hotmail.com; Warren Gill
**Subject:** unfair discriminatory treatment and workmens comp fraud

COMPLAINT AND GREIVANCE:

This is a complaint of unfair discriminatory treatment and workmens comp fraud to leave Myron Hubbard, who was injured at BPH, responsible for covering his own medical expenses.  While the injuries hasn't caused Myron Hubbard to miss significant work days, he still require treatment for these injuries.  Myron Hubbard has received letters indicating South Carolina Department of Mental Health has been lying and denying the injuries occurred, thereby, fraud.  Specifically, on 3/18/20 South Carolina Worker's Compensation Commission sent Mr. Hubbard stating the following, "The South Carolina Worker's Compensation Commission has received notice from the following carrier/employer that denies you sustained an injury", for the back injury that Mr. Hubbard sustained 3/10/18, even though, in addition to report of injury submitted to the nurse manager office, a M-300 was completed, since the Mr. Hubbard was struck in the back very hard while putting restraints on the bed.  Further, the oncall Dr. was notified, along with Mr. Hubbard list the witnesses on the report of injury form.  South Carolina Worker's Compensation Commission also sent a similar letter on 3/18/20 also stating South Carolina Department of Mental Health [SCDMH]was also denying Mr. Hubbard knee injury also that occurred 2/27/16, even though the knee injury was reported directly to Sheronda Smith, the acting nurse manager at the time, who gave Mr. Hubbard the instruction on how to fill out report of injury forms. Further, Mr. Hubbard can likely obtained proof the inury were reported to Ms. Smith.  Next, employers are reportedly suppose to forward report of injuries to workmen's comp of which South Carolina Department of Mental Health has not been doing, then try to lie that the injury didn't occur.  Workmans comp denied diagnoses and treatment to both Mr Hubbard back and knee in 2018.  In 2015, upon Mr. Hubbard hiring, he was not allowed to have health insurance, in 2016 during his annual contract, he was allowed savings plus, which has high deductible and treatment is therefore unaffordable.  At a subsequent annual contract, Mr. Hubbard attempted to upgrade to standard and SCDMH refused, stating he had to wait until open enrollment, approx. 6 month letter.  Mr. Hubbard didn't acquire standard insurance until 2019, and its here where he was able to see a specialist who ordered the MRI, which showed a torn meniscus and other damage.  Mr. Hubbard had been treating his back pain with Motrin but the Dr. discontinued because it is causing Mr. Hubbard kidney damage.  Mr. Hubbard has been seeing a back Dr. and rehab with his standard insurance and his own money.  These acts are in addition to SCDMH risking Mr. Hubbard life in discriminatorily refusing HIV prophylaxis following Occupational Exposure.  Specifically, Mr. Hubbard was cleaning blood off the nursing station after a patient smeared blood all over the nursing station and some splashed in his eye.  SCDMH tested the pt and lied and said since the pt tested negative, it didn't count as an exposure but another employee, Sharmell Johnson, said he was given HIV prophylaxis following his Occupational Exposure, even though the pt also tested negative.
Thanks, Myron Hubbard

Exhibit ___20___



1333 Main St, Suite 500
P.O. Box 1715
Columbia, S.C. 29202-1715

Tel: (803) 737-5700
Fax: (803) 737-1234
www.wcc.sc.gov

## Workers' Compensation Commission

March 18, 2020

Myron Hubbard
211 Brook Pines Dr
Apt 12108
COLUMBIA, SC 29210

Re:  WCC File No. 1824056
     Carrier File No. 2018004019
     Myron Hubbard v. SC DEPARTMENT OF MENTAL HEALTH
     Date of Injury: 03/10/2018

Dear Myron Hubbard:

The South Carolina Workers' Compensation Commission has received notice from the following carrier / employer that denies you sustained an injury that qualifies you for Workers' Compensation benefits:

| | |
|---|---|
| Employer: | SC DEPARTMENT OF MENTAL HEALTH |
| Carrier: | State Accident Fund |
| Carrier file number: | 2018004019 |

This does not prevent you from making a claim for these benefits. If you wish to pursue a claim, please contact us to obtain the forms to request a hearing to determine whether you are entitled to benefits.

Sincerely,

Sonji Spann
Director of Claims
sspann@wcc.sc.gov

**Exhibit** 10A



1333 Main St, Suite 500
P.O. Box 1715
Columbia, S.C. 29202-1715

Tel: (803) 737-5700
Fax: (803) 737-1234
www.wcc.sc.gov

# Workers' Compensation Commission

March 18, 2020

Myron Hubbard
211 Brook Pines Dr
Apt 12108
COLUMBIA, SC 29210

Re:   WCC File No. 1624023
      Carrier File No. 2016004433
      Myron Hubbard v. SC DEPARTMENT OF MENTAL HEALTH
      Date of Injury: 02/27/2016

Dear Myron Hubbard:

The South Carolina Workers' Compensation Commission has received notice from the following carrier / employer that denies you sustained an injury that qualifies you for Workers' Compensation benefits:

Employer:            SC DEPARTMENT OF MENTAL HEALTH
Carrier:             State Accident Fund
Carrier file number: 2016004433

This does not prevent you from making a claim for these benefits. If you wish to pursue a claim, please contact us to obtain the forms to request a hearing to determine whether you are entitled to benefits.

Sincerely,

Sonji Spann
Director of Claims
sspann@wcc.sc.gov

**Exhibit** 20B

HUBBARD, MYRON - DOB: November 23, 1971                    MRN: 3102263

 **Quest** Diagnostics™

**Report Status: Final**

**HUBBARD, MYRON**

| Patient Information | Specimen Information | Client Information |
|---|---|---|
| **HUBBARD. MYRON**<br><br>　　　　　**AGE: 48**<br><br>Gender:　M<br>Phone:　314.324.1274<br>Patient ID: DT_3102263 | Specimen:　AL306655M<br>Requisition:　7809501<br>Lab Ref #:　00002020023000736<br><br>Collected:　01/23/2020 / 13:09 EST<br>Received:　01/24/2020 / 03:52 EST<br>Reported:　01/24/2020 / 06:30 EST | Client #: 7404463　　　QCAE001<br>PEREZ, DAVID<br>DOCTORS CARE HOPE FERRY<br>5224 SUNSET BLVD<br>LEXINGTON, SC 29072-9259 |

| Test Name | In Range | Out Of Range | Reference Range | Lab |
|---|---|---|---|---|
| COMPREHENSIVE METABOLIC<br>PANEL | | | | AT |
| GLUCOSE | 94 | | 65-99 mg/dL | |
| | | | Fasting reference interval | |
| UREA NITROGEN (BUN) | 21 | | 7-25 mg/dL | |
| CREATININE | 1.22 | | 0.60-1.35 mg/dL | |
| eGFR NON-AFR. AMERICAN | 70 | | > OR = 60 mL/min/1.73m2 | |
| eGFR AFRICAN AMERICAN | 81 | | > OR = 60 mL/min/1.73m2 | |
| BUN/CREATININE RATIO | NOT APPLICABLE | | 6-22 (calc) | |
| SODIUM | 137 | | 135-146 mmol/L | |
| POTASSIUM | 4.6 | | 3.5-5.3 mmol/L | |
| CHLORIDE | 102 | | 98-110 mmol/L | |
| CARBON DIOXIDE | 27 | | 20-32 mmol/L | |
| CALCIUM | 9.8 | | 8.6-10.3 mg/dL | |
| PROTEIN, TOTAL | 7.5 | | 6.1-8.1 g/dL | |
| ALBUMIN | 4.5 | | 3.6-5.1 g/dL | |
| GLOBULIN | 3.0 | | 1.9-3.7 g/dL (calc) | |
| ALBUMIN/GLOBULIN RATIO | 1.5 | | 1.0-2.5 (calc) | |
| BILIRUBIN, TOTAL | 0.4 | | 0.2-1.2 mg/dL | |
| ALKALINE PHOSPHATASE | 86 | | 40-115 U/L | |
| AST | 31 | | 10-40 U/L | |
| ALT | 43 | | 9-46 U/L | |

**PERFORMING SITE:**

AT　　QUEST DIAGNOSTICS-ATLANTA, 1777 MONTREAL CIRCLE, TUCKER, GA 30084-6802 Laboratory Director: ANDREW N YOUNG, MD, PHD, CLIA: 11D0255931



CLIENT SERVICES: 866.697.8378                SPECIMEN: AL306655M                PAGE 1 OF 1

Quest, Quest Diagnostics, the associated logo and all associated Quest Diagnostics marks are the trademarks of Quest Diagnostics.

| | | |
|---|---|---|
| Printed by:　Henry , Acheshae<br>Printed on:　1/25/2020 11:49 AM EST | Exhibit ___2 1___ | Page 2 of 2<br>(End of Report) |



# MIDLANDS
## orthopaedics
# &NEUROSURGERY

Midlands Orthopaedics & Neurosurgery
1910 Blanding St
Columbia, SC 29201
Phone #: (803)256-4107
Fax:

---

**Name:** MYRON HUBBARD
**Patient ID:** MID3259119
**DOB:**
**Phone:**
**Acc #:** 371083

**Exam Date:** 2/25/2020 02:58 PM
**Exam Name:** MRI JNT OF LWR EXTRE W/O
CONTRAST I 73721 - right
**Reason:**
**Referrer:** BRADLEY ASPEY, MD

---

**MRI OF THE RIGHT KNEE WITHOUT CONTRAST**

CLINICAL DATA: Right knee pain. Evaluate for medial meniscal tear.

TECHNIQUE: MRI of the right knee was performed without contrast using multiple pulse sequences in multiple planes. All images were obtained utilizing a Phillips 1.5 Tesla.

FINDINGS: The anterior cruciate and posterior cruciate ligaments are intact.

There is a large free edge tear of the posterior horn of the lateral meniscus resulting in amputation. This extends into the body where there is a radial tear as well. There is an undersurface horizontal tear extending from the posterior horn through the body to the anterior horn.

There is a horizontal undersurface tear of the posterior horn of the medial meniscus extending into the body.

The medial collateral ligament and lateral collateral ligament complex are intact.

There are mild patellofemoral joint degenerative changes primarily involving the apex and lateral facet with some fissuring of the trochlear groove. There is thickening of the proximal patellar tendon with mild patella alta. There is an intrasubstance tear of the proximal patellar tendon with peritendinitis.

There is no soft tissue mass within the popliteal fossa. There is a small popliteal cyst noted.

IMPRESSION:
1. Extensive tear of the body and posterior horn of the lateral meniscus with extension through the body into the anterior horn as well.

2. Horizontal undersurface tear of the posterior horn of the medial meniscus extending into the body.

3. Moderate patellar tendinitis with peritendinitis and intrasubstance tear of the proximal tendon.

4. Chondromalacia patella, mild to moderate in severity.

5. Articular cartilage loss involving the lateral tibial plateau and lateral femoral condyle with some intraarticular debris within the posterolateral joint recess.

PAUL AITCHISON, MD
Radiologist
PITTS RADIOLOGY
Report Typed By: TG

**Exhibit** _LL_