# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Myron Hubbard, ) | |
| ) | Civil Action No.: 3:20-cv-02482-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| South Carolina Department of ) | |
| Mental Health, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 4, 2020. (ECF No. 22.) The Report recommends that the court deny Plaintiff Myron Hubbard's *pro se* Motion to Remand. (ECF No. 15.) For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 22) and incorporates it herein, and **DENIES** Plaintiff's Motion to Remand (ECF No. 15).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 22.) This case arises from Plaintiff's past employment with Defendant South Carolina Department of Mental Health. (*See* ECF No. 1-1.) The instant issue before the court is whether Defendant's notice of removal was timely.

In briefing before the Magistrate Judge, Plaintiff asserted he initially filed this action in state court on April 27, 2020, and Defendant was served on April 29, 2020. (ECF No. 15 at 1, 4.) As a consequence, Plaintiff essentially claimed Defendant's notice of removal was untimely because it did not occur within 30 days of service as required under 28 U.S.C. § 1446(b)(1). (*See* ECF No. 22 at 5.) Defendant countered that proper service under South Carolina law did *not* occur

1

on April 29, 2020, when an agent of Plaintiff allegedly attempted service, nor on June 5, 2020, when Plaintiff attempted service by certified mail. (ECF No. 19 at 5-8.) Instead, Defendant posited service was only obtained after it voluntarily appeared in this action on June 19, 2020, and thus, its June 30, 2020 notice of removal[1] was timely. (*Id.*)

The Magistrate Judge issued the Report on August 4, 2020, recommending the court deny Plaintiff's Motion to Remand. (ECF No. 22.) Specifically, the Magistrate Judge observed Plaintiff failed to obtain proper service upon Defendant, a state agency, under Rule 4 of the South Carolina Rules of Civil Procedure ("Rule 4") in April 2020 because "[t]here is no indication that a person of suitable position and discretion within the agency was served, and no name or description of the person served has been provided." (*Id.* at 7.) The Magistrate Judge continued that Plaintiff's purported use of a commercial delivery service "provide[d] no record of the name of the person served, an original signature or electronic image of a signature of the person served, or any other identifying information. Finally, the proof of service was notarized by . . . the [same] person Plaintiff argues served the summons and complaint." (*Id.*) Likewise, the Magistrate Judge remarked that Plaintiff's June 5, 2020 attempt at service through certified mail was insufficient because "the rules do not provide for service by certified mail upon a state agency." (*Id.* at 5.) Given the above findings, the Magistrate Judge concluded Defendant's voluntary appearance on June 19, 2020, was the date on which service was obtained under Rule 4, and Defendant's June 30, 2020 notice of removal was thus timely. (*Id.* at 7-8.) Lastly, based on the Report's findings, the Magistrate Judge recommended denying "Plaintiff's request for sanctions, to serve subpoenas,

---

[1] Defendant properly removed this action based on federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a).

to submit documents, or for an extension of time to provide any additional service of process." (*Id.* at 8 n.9.)

On August 31, 2020, Plaintiff filed Objections to the Report. (ECF No. 29.) Although Plaintiff asserts numerous claims in his Objections, the crux of these contentions remain that (1) Defendant was properly served in April 2020; and (2) accordingly, Defendant's notice of removal was untimely, as it came more than 30 days after service was obtained. (*Id.*) Defendant did not respond to Plaintiff's Objections.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A party's objection to a magistrate judge's report must generally be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Here, the court concludes Plaintiff's non-specific objections restate his earlier arguments that the Report properly considered and addressed. (ECF No. 22.) Specifically, the Report spent

4

the bulk of its analysis thoroughly examining whether and when service was properly obtained on Defendant under South Carolina law, and rightly concluding the notice of removal was timely. (*Id.* at 4-7.) The court thus overrules Plaintiff's rehashed objections. *See Midgette*, 478 F.3d at 621; *Aldrich*, 327 F. Supp. 2d at 747. Moreover, the court finds no clear error on the face of the record. As Defendant's notice of removal was timely, Plaintiff's Motion to Remand is denied.[2] (ECF No. 15.)

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and incorporates it herein, and **DENIES** Plaintiff's Motion to Remand (ECF No. 15).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 10, 2020
Columbia, South Carolina

---

[2] Given the above ruling, the court denies Plaintiff's requests for sanctions, additional subpoenas, certain documents, and any extension of time for additional service of process, to the extent they are requested in the instant Motion. (*See* ECF Nos. 15, 21.)