IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Myron Hubbard, ) | C/A No.: 3:20-2482-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| South Carolina Department of ) | |
| Mental Health, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Myron Hubbard ("Plaintiff"), proceeding pro se, originally filed this matter in the Court of Common Pleas for Richland County, South Carolina. [ECF No. 9-1]. South Carolina Department of Mental Health ("Defendant") removed this case from state court pursuant to 28 U.S.C. § 1331. [ECF No. 9 ¶ 6]. Plaintiff filed a motion to remand [ECF No. 15], which was denied by this court following issuance of a report and recommendation by the undersigned and adoption of the same by the district judge. [ECF No. 22, ECF No. 37]. This matter comes before the court on Plaintiff's motion for default judgment sanctions and motion to amend/correct the scheduling order. [ECF No. 34, ECF No. 35].

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, Plaintiff's motions are denied.

First, Plaintiff's motion for default judgment sanctions rehashes many of the same arguments he has repeatedly presented to the court concerning the timeliness of Defendant's removal of this case to this court. [*See* ECF No. 15, ECF No. 29, ECF No. 34]. The court has addressed these arguments and will not revisit them here. [*See* ECF No. 22, ECF No. 37].

Plaintiff additionally challenges the sufficiency of Defendant's denials in its answer, arguing sanctions are warranted in that some of Defendant's answers to Plaintiff's complaint "contain[] false denials with reckless disregard of the truth" or were submitted without evidentiary support. [*See* ECF No. 34 at 20–32 (citing ECF No. 11 ¶¶ 23, 25, 31, 34)].

The court has reviewed each of the challenged denials, finding that Plaintiff's relevant allegations are argumentative or state legal conclusions. [*See* ECF No. 9-1 at ¶¶ 23, 25, 31, 34 (alleging events occurred "[d]uring" or "after the protected act of Mr. Hubbard discrimination filing"), *id.* at ¶ 31 (alleging Defendant "participated in a criminal act" against Plaintiff), *id.* at ¶¶ 31, 34 (alleging Plaintiff suffered a hostile work environment)]. Upon review, the court finds that the challenged denials were either sufficient or at least reasonable under the circumstances. *See In re Bees*, 562 F.3d 284, 287 (4th Cir. 2009) (citing Fed. R. Civ. P. 11(b)) ("Rule 11 requires an attorney who has 'present[ed] to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it' to certify 'to the

best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances' that, inter alia, 'the factual contentions have evidentiary support.'").

To the extent Plaintiff seeks evidence from Defendant, as set by the court's scheduling order entered on July 7, 2020, discovery is ongoing. [*See* ECF No. 13]. Indeed, Plaintiff has provided, in his motion, reproductions of numerous requests for admissions he states has been served Defendant. [*See* ECF No. 34 at 20–32]. *See also Cardinale v. City of Atlanta*, C/A No. 1:20-01077-AT, 2020 WL 3046396, at *10 (N.D. Ga. June 8, 2020) ("Where there exists a mechanism for Plaintiff to obtain the relief he seeks without resorting to the drastic remedy of sanctions or even involving the Court, a Rule 11 motion is particularly inappropriate."). Accordingly, Plaintiff's motion for default judgment sanction is denied.

At this time, the court also denies Plaintiff's motion to amend the scheduling order, as he does not indicate what amendments to the scheduling order he seeks, nor why. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

For these reasons, Plaintiff's motions are denied. [ECF Nos. 34, 35].

IT IS SO ORDERED.

January 14, 2021              Shiva V. Hodges
Columbia, South Carolina      United States Magistrate Judge