# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Myron Hubbard, | ) | Civil Action No.: 3:20-cv-002482-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant South Carolina Department of Mental Health's ("SCDMH") Motion for Summary Judgment (ECF No. 69) and Plaintiff Myron Hubbard's ("Plaintiff") second Motion to Amend (ECF No. 68). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On June 16, 2021, the Magistrate Judge issued a Report and Recommendation (the "Report") (ECF No. 78), denying the Motion to Amend and recommending the court grant summary judgment in favor of SCDMH. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 78.) Accordingly, the court **GRANTS** SCDMH's Motion for Summary Judgment (ECF No. 69), **DENIES** Plaintiff's Motion to Amend (ECF No. 68), and **DENIES AS MOOT** Plaintiff's Motion to Strike and Motion for Summary Judgment (ECF No. 86).

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 78.) This case arises from Plaintiff's employment with

1

SCDMH at G. Werber Bryan Psychiatric Hospital, a state-run psychiatric facility.[1]  Plaintiff worked for SCDMH as a nurse from March 2, 2015, until he resigned on July 23, 2020.  (ECF Nos. 69-1, 69-2.)  On April 27, 2020, Plaintiff filed this *pro se*[2] action alleging discrimination based on race, hostile work environment, and retaliation in violation of Title VI and Title VII of the Civil Rights Act in the Court of Common Pleas for Richland County, South Carolina.  (ECF No. 1-1.)  On June 30, 2020, SCDMH removed the case based on the court's federal question jurisdiction.  (ECF No. 1.)

On March 9, 2021, the Magistrate Judge denied Plaintiff's first Motion to Amend his Complaint (ECF No. 47), which sought to add Missouri Department of Mental Health ("MDMH") as a defendant and to assert a claim for constructive discharge against SCDMH.  The Magistrate Judge found joinder inappropriate because Plaintiff was "attempting either to relitigate the previous cases he has participated in, litigate claims unrelated to the claims asserted in his original complaint against SCDMH, or both."  (ECF No. 56 at 6.)  The Magistrate Judge also held that Plaintiff's constructive discharge claim was outside the scope of his Equal Opportunity Employment Commission ("EEOC") charge, that there was no indication that SCDMH or someone acting on its behalf intentionally created a hostile work environment based on Plaintiff's race or that the limited number of incidents described created an environment that was objectively intolerable, and that a claim for tortious wrongful discharge does not extend to situations where

---

[1] The court notes that Plaintiff only names SCDMH as a defendant, although the Complaint also makes allegations against Plaintiff's former employer, the Missouri Department of Mental Health ("MDMH").  MDMH is not a defendant in this case so the court will only address the claims against SCDMH.

[2] The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate."  *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

2

the employee has an existing remedy. (*Id.* at 11–17.) On May 20, 2021, Plaintiff filed his second Motion to Amend. (ECF No. 68.)

On May 21, 2021, SCDMH filed its Motion for Summary Judgment (ECF No. 69), asserting that Plaintiff has failed to produce any evidence to support his claim that SCDMH discriminated against him on the basis of race or to substantiate his claims for retaliation or hostile work environment. On June 4, 2021, Plaintiff filed a Response in Opposition to SCDMH's Motion (ECF No. 73), to which SCDMH submitted a Reply (ECF No. 77).

On June 16, 2021, the Magistrate Judge issued the Report, denying Plaintiff's Motion to Amend and recommending that this court grant summary judgment in favor of SCDMH. (ECF No. 69.) The Magistrate Judge determined that summary judgment should be granted in favor of SCDMH on Plaintiff's employment discrimination claim. (ECF No. 78 at 12–13.) The Magistrate Judge explained that absent evidence of direct discrimination, Plaintiff may use the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to prove his claims. (ECF No. 78 at 11.) After considering Plaintiff's discrimination claim under this framework, the Magistrate Judge determined that even if Plaintiff could substantiate the factual circumstances surrounding his purported unfair treatment, none of his allegations would indicate unlawful discrimination based on Plaintiff's race. (*Id.* at 12–13.) The Magistrate Judge also noted that Plaintiff has "failed to identify a single similarly-situated employee outside his protected class who was treated differently." (*Id.* at 13.)

Next, the Magistrate Judge found that Plaintiff has not shown that any harassment by coworkers was sufficiently severe or pervasive to establish a claim for hostile work environment. (ECF No. 78 at 14.) The Report explains that Plaintiff has failed to identify specific statements or conduct, who made such statements, or when such statements were made or conduct occurred.

3

(*Id.*)  Instead, Plaintiff cites to one incident where a specific coworker used a racial slur and then generally avers that racial slurs were used in the workplace.  (*Id.*)

Finally, the Magistrate Judge found no evidence in the record showing that SCDMH was aware that Plaintiff had engaged in protected activity by filing multiple lawsuits against his prior employer to support a claim for retaliation.  (ECF No. 78 at 16.)  The Magistrate Judge also found that SCDMH's knowledge of Plaintiff's complaints to his supervisors and his EEOC complaint could not serve as a basis for retaliation because the complaints were made after the retaliatory conduct allegedly occurred.  (*Id.* at 17.)

Plaintiff filed Objections to the Report (ECF No. 85) and SCDMH submitted a Response to Plaintiff's Objections (ECF No. 87).  Plaintiff also filed a Sur-Reply after the Magistrate Judge issued her Report.  (ECF No. 81.)

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff alleges violations of the laws of the United States.  Specifically, Plaintiff alleges violations of Title VI and Title VII of the Civil Rights Act of 1964.  Accordingly, the court has federal question jurisdiction over this matter.

## III.    LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only

4

"general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.     Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See id.* at 322–23. The Court's inquiry centers on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Warfaa v. Ali*, 1 F.4th 289, 293 (4th Cir. 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). In making this inquiry, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

A genuine issue of material fact exists if there is sufficient evidence in support of the non-moving party's claims for a jury to return a verdict in its favor. *See Anderson*, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of plaintiff's position is insufficient." *Benson v. Vaughn Indus., LLC*, 450 F. Supp. 3d 655, 663 (E.D.N.C. 2020) (citing *Anderson*, 477 U.S. at 252; *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however,

cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another.")). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

## IV.   ANALYSIS

A.   Plaintiff's Objections

Many of Plaintiff's objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate arguments previously asserted by Plaintiff and addressed by the Report. In fact, the final seventy-five (75) pages of Plaintiff's Objections provide a line-by-line analysis of the proposed amended complaint that the Magistrate Judge denied Plaintiff leave to file. (ECF No. 85 at 58–133.) The court will only discuss the dispositive portions of the Report to which Plaintiff asserts specific objections that do not rehash old arguments and will review the remainder of the Report for clear error.

The court also notes that its review of Plaintiff's objections shows that Plaintiff misconstrues the summary judgment standard. Plaintiff states several times that Defendant has not provided evidence to create a factual dispute. (ECF No. 85 at 58–133.) While this statement is technically correct, it is not helpful to Plaintiff's position because SCDMH's burden at the summary judgment stage is to show the absence of a genuine issue of material fact. SCDMH has done so here, moving the burden to Plaintiff to cite to specific evidence showing the existence of an issue of material fact. However, "conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021). At this juncture, Plaintiff cannot preclude summary judgment by citing to conclusory allegations and evidence the Magistrate Judge properly reviewed in the Report.

In fact, many of Plaintiff's quotations and citations are to the proposed amended complaint attached to his second Motion to Amend. (*See, e.g.*, ECF No. 85 at 16, 19, 20, 23–24, 28, 31–31, 58–133.) Additionally, throughout his objections, Plaintiff merely states "see record" in place of a specific citation. (*See, e.g.*, ECF No. 85 at 8, 9, 13, 14, 59–133.) Federal Rule of Civil Procedure 56 is not meant to preserve purely speculative issues of fact for trial, nor does it "impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Brailsford v. Wateree Cmty. Action, Inc.*, 135 F. Supp. 3d 433, 448 (D.S.C. 2015) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Plaintiff does not point to any evidence creating genuine factual disputes that are material to his claims. Thus, Plaintiff's assertion that the Magistrate Judge overlooked statements made by Plaintiff in the record is misplaced. (ECF No. 85 at 25.) Turning to its review of the Magistrate Judge's findings, the court observes that the Magistrate Judge did not improperly favor SCDMH, but instead offered a thorough, impartial, and well-reasoned analysis of the issues.

B.     The Court's Review

   *1.     Denial of Motion to Amend*

First, Plaintiff asserts that the Magistrate Judge's denial of his Motion to Amend (ECF No. 68) was clearly erroneous. (ECF No. 85 at 2–3.) The court overrules this objection. The Magistrate Judge denied Plaintiff's Motion to Amend (ECF No. 68) on the ground of futility and for the reasons set forth in her previous Order (ECF No. 56). (ECF No. 78 at 2.) The Report further explains that, although Plaintiff asserts he should be granted leave to amend because new facts have emerged, Plaintiff neglects to identify any new facts and they are not clear from a review of the proposed amended complaint or its attachments. (*Id.* at 2 n.1.)

7

The court agrees that Plaintiff has not pointed out the additional facts and claims he wishes to add that were not already addressed in the Magistrate Judge's previous Order (ECF No. 56) denying Plaintiff's first Motion to Amend (ECF No. 47). On review of the proposed amended complaint and the Magistrate Judge's analysis of Plaintiff's Motion, the court agrees with the Magistrate Judge's findings and affirms the denial of Plaintiff's Motion to Amend. (ECF No. 68.)

2.     *Timeliness of the Report*

Plaintiff also argues that the Report was entered prematurely because the Magistrate Judge granted Plaintiff's request to file a sur-reply but issued the Report before his timeframe to file had passed. (ECF No. 85 at 3–5.) A review of the record shows that Plaintiff did not request leave to file a sur-reply and the Magistrate Judge did not grant such leave. On June 8, 2021, prior to SCDMH filing its Reply to Plaintiff's Response in Opposition to Summary Judgment, Plaintiff filed a motion entitled "Motion to Add Attachment, Make Minor Correction to Response in Entry Number 73 and to Provide Notice of Change of Address." (ECF No. 74.) On June 9, 2021, the Magistrate Judge granted Plaintiff's Motion to supplement his Response. (ECF No. 75.) Seven (7) days later, on June 16, 2021, the Magistrate Judge issued the Report. (ECF No. 78.) Plaintiff then filed his Sur-Reply. (ECF No. 81.) There is no request to file a sur-reply on the record.

Nonetheless, the court has considered Plaintiff's Sur-Reply (ECF No. 81) and finds that it only asserts one new argument. Plaintiff's Sur-Reply argues that SCDMH's deviation from policy creates an inference of pretext. (*Id.* at 16–17.) As the court discusses below, Plaintiff has not introduced direct evidence or otherwise established a prima facie case for discrimination. Therefore, Plaintiff's discrimination claim fails before consideration of the pretext argument is necessary. Accordingly, the court overrules this objection.

*3.     Assertion of New Defenses*

Plaintiff also argues that the Magistrate Judge erroneously allowed SCDMH to assert new defenses without providing Plaintiff fair notice of such defenses. (ECF No. 85 at 7–11.) Plaintiff mischaracterizes SCDMH's arguments in support of its summary judgment motion as affirmative defenses. The defenses Plaintiff refers to are SCDMH's assertions that it is "entitled to summary judgment because Plaintiff has not produced any evidence" of various elements of his claims. (*See id.* at 9, 11.) Arguments in support of summary judgment are not affirmative defenses and Plaintiff had fair notice of the elements necessary to support his own claims. Therefore, the court overrules this objection.

*4.     Discrimination Claim*

Next, Plaintiff contends that the Report erroneously failed to give an opinion or analyze his discrimination claim within the direct evidence framework.[3] (ECF No. 85 at 49.) He asserts he has direct evidence of race-based conduct, therefore his claims should be analyzed under the "mixed-motive" framework. (*Id.*) The court notes that direct evidence of discrimination is not required to prove employment discrimination in mixed-motive cases under Title VII, *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98–99 (2003), and that "a Title VII plaintiff may avert summary judgment through two avenues of proof." *Diamond*, 416 F.3d at 318 (citation omitted). One way a plaintiff can survive a motion for summary judgment is "by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision." *Id.* The impermissible factor need not have been the sole factor, as long as it motivated the adverse action. *Id.* (citing 42 U.S.C. §

---

[3] The court notes that discrimination and retaliation claims brought under Title VI are analyzed under the same standard as those brought under Title VII. *See Maisha v. Univ. of N.C.*, 641 F. App'x 246, 250 (4th Cir. 2016); *Peters v. Jenney*, 327 F.3d 307, 320–21 (4th Cir. 2003).

9

2000e-2(m)). Alternatively, a plaintiff may proceed under the *McDonnell Douglas* framework, "under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Diamond*, 416 F.3d at 318

As direct evidence of racial animus, Plaintiff points to the "usage of the word [nigger], pointing a large monkey poster directly toward the Plaintiff at the medication room he was working in, and subjecting him to being called dumb." (ECF No. 85 at 51.) The court does not deny that a racial epithet demonstrates racial animus. However, as the United States Court of Appeals for the Fourth Circuit has stated:

> It is regrettable that any distasteful comments will arise in the workplace, but that cannot mean that the actual decision maker is impugned thereby. It is the decision maker's intent that remains crucial, and in the absence of a clear nexus with the employment decision in question, the materiality of stray or isolated remarks is substantially reduced.

*Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 300 (4th Cir. 2010) (citing *McCarthy v. Kemper Life Ins. Cos.*, 924 F.2d 683, 686–87 (7th Cir. 1991)). Although Plaintiff has put forth evidence alleging that one of SCDMH's employees called him a "nigger" on at least one occasion, he has not put forth any evidence showing that the employee in question was connected to any adverse employment actions. Nor has Plaintiff offered evidence that any supervisors or other individuals with the authority to make employment decisions engaged in conduct giving rise to an inference of unlawful discrimination. In fact, Plaintiff appeared to concede as much in his deposition testimony. Specifically, Plaintiff testified that MDMH discriminated against "African-American black male nurses," but emphasized that he specifically stated that SCDMH discriminated against him specifically, "not African-American males" generally, and that most of

10

SCDMH's "discrimination was specific toward [Plaintiff], in the form of retaliation during and after a protective activity." (ECF No. 85-1 at 22.)

Importantly, under either framework, Plaintiff must show some adverse employment action to prevail on his discrimination claim. *Holland v. Washington*, 487 F.3d 208, 219 (4th Cir. 2007). An adverse employment action is "a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Id.* (internal quotation marks omitted). The typical requirements for a showing of an adverse employment action include "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999). Here, Plaintiff alleges SCDMH treated him unfairly, falsified his income level, failed to properly treat injuries sustained at work, failed to submit the proper paperwork for Plaintiff to receive worker's compensation for his injuries, paid him lower wages than other nurses despite having a higher education, gave him unfair work assignments, denied fringe benefits of employment, and denied Family Medical Leave Act ("FMLA") rights.[4] (ECF No. 1-1 at 6 ¶ 14.) However, Plaintiff does not provide evidence to support these allegations. For example, Plaintiff does not present any evidence of the wages paid other nurses at SCDMH[5], the education or races of such nurses, the nature of any unfair work assignments, or denial of benefits or leave by SCDMH.

As to Plaintiff's assertion that SCDMH denied that he was injured at work to prevent him from receiving workers compensation, the court finds that Plaintiff mischaracterizes the evidence on this issue. Plaintiff claims that the Magistrate Judge ignored evidence that SCDMH denied

---

[4] Plaintiff appears to allege the FMLA claim against MDMH, not SCDMH. (*See* ECF No. 69-20 at 19.)

[5] Plaintiff did include salary information of other nurses at MDMH in his formal discrimination complaint (*see* ECF No. 69-20 at 19), but did not provide any information as to nurses employed by SCDMH.

11

Plaintiff's claim for workers compensation. This is untrue. Plaintiff attached two (2) letters to his Motion to Amend the Complaint sent from the Workers' Compensation Commission ("WCC") dated March 18, 2020. (ECF No. 68-2 at 22–23.) The letters state that the WCC "received notice from the following carrier/employer that denies you sustained an injury that qualifies you for Workers' Compensation benefits." (*Id.*) The first letter references an injury that occurred on March 10, 2018, and the second letter references an injury that occurred on February 27, 2016. (*Id.*) Plaintiff concludes these letters indicate that SCDMH denied the injuries ever occurred and thereby committed fraud. (ECF No. 85 at 26.) The court notes, however, that the language of the letters does not indicate a denial that an injury occurred, but that an injury occurred *that qualifies for benefits*. The court also rejects Plaintiff's argument that this necessarily means SCDMH made a decision regarding the injuries. The letters state that the "carrier/employer" sent notice and in this case, it was the carrier, not the employer, who sent notice. As an exhibit to its Motion for Summary Judgment (ECF No. 69), SCDMH attached two (2) letters, also dated March 16, 2020, from their carrier, the South Carolina State Accident Fund to Plaintiff, stating that the carrier's review indicated that they were denying his claims for "failure to file a claim/time barred by the statute of limitations." (ECF No. 69-22.) Therefore, Plaintiff's evidence does not show that SCDMH denied the existence of his injuries or that SCDMH made the decision to deny his compensation claim.

Evidence in the record does show that a SCDMH employee incorrectly reported Plaintiff's monthly income on an employment verification request related to Plaintiff's child support proceedings in Missouri.[6] (ECF No. 69-21 at 2.) However, Plaintiff has not connected the

---

[6] The court also notes that, while Plaintiff's monthly income may have been reported incorrectly, his hourly wage was correctly reported as $30.00 per hour. (*See* ECF No. 1-1 at 21–22.)

individual who misreported his income to any of the discriminatory comments he alleges other employees made. Additionally, the employment verification request was completed in December of 2015, before Plaintiff filed any discrimination complaints with SCDMH. (*See id.*) Thus, even if the conduct discussed above constituted adverse employment action, there is no clear nexus between any alleged discrimination and the adverse employment conduct Plaintiff alleges SCDMH subjected him to in the record before the court. Accordingly, the court finds that Plaintiff's claims fail under a mixed-motive theory.

Upon review, the court agrees with the Magistrate Judge that Plaintiff's discrimination claim also fails under the burden-shifting framework. To prove his claim under the *McDonnell Douglas* framework, Plaintiff cannot rely on conclusory allegations. Instead, Plaintiff must show:

> (1) he is a member of a protected class; (2) he was performing his duties in a satisfactory manner; (3) he was subjected to an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination, such as different treatment for similarly-situated individuals outside the protected class.

*Jones v. Constellation Energy Projects & Servs. Grp., Inc.*, 629 F. App'x 466, 468 (4th Cir. 2015). "The employer may then rebut the prima facie case by showing that there was a legitimate nondiscriminatory reason for the adverse action, after which the burden shifts back to the plaintiff to show that those reasons are pretextual." *Hammett v. S.C. Dep't of Health & Env't Control*, No. 3:10-932-MBS-SVH, 2013 WL 1316440, at *5 (D.S.C. Jan. 25, 2013) (citing *Diamond*, 416 F.3d at 318).

Even if Plaintiff had shown that he was subjected to an adverse employment action, he has not put forth evidence that he was treated differently than similarly situated employees or any other circumstances that give rise to an inference of unlawful discrimination. Although Plaintiff alleges that SCDMH withheld "the Material Facts of the names of the similarly situated employee[s]

outside Plaintiff's protected class[,]" (ECF No. 85 at 21), "it is the plaintiff's task to demonstrate that similarly situated employees were not treated equally." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 258 (1981) (citing *McDonnell Douglas*, 411 U.S. at 804)); *see also Anderson*, 477 U.S. at 257 ("the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery."). Accordingly, the court overrules Plaintiff's objections to the Magistrate Judge's findings on his discrimination claim.

     *5.     Hostile Work Environment Claim*

Plaintiff asserts that, in considering his claim for hostile work environment, the Magistrate Judge failed to take into account Plaintiff's allegations regarding "use of the word NIGGER, posting a large MONKEY poster pointed directly toward the medication room [] Plaintiff was working in and calling Plaintiff DUMB[.]" (ECF No. 85 at 38.) To prove a claim for hostile work environment, Plaintiff must show: (1) he experienced unwelcome harassment; (2) the harassment was based on his race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Evans v. Int'l Paper Co.*, 936 F.3d 183, 192 (4th Cir. 2019) (citing *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). Upon review, the court agrees with the Magistrate Judge's finding that Plaintiff has failed to put forth evidence to support the third and fourth elements.

The severe or pervasive element has both a subjective and objective component. *Evans*, 936 F.3d at 192 (citing *E.E.O.C. v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009)). To meet the subjective component, Plaintiff must show that he "did perceive, and a reasonable

person would perceive, the environment to be abusive or hostile." *Id.* Clearly, Plaintiff perceived his environment to be hostile and meets his burden under the subjective prong.

Turning to the objective component, the court must look at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Evans*, 936 F.3d at 192 (citing *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008)). "Thus, rude treatment from coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII." *Id.* Based on this high bar, the "mere utterance of an epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII." *Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Plaintiff's allegations of profanity, disrespect, and an isolated racial epithet do not meet this high bar.

Additionally, even if Plaintiff had produced evidence sufficient to show a genuine issue as to the severe and pervasive nature of the environment, he has not shown a basis for imposing liability on SCDMH. In response to Plaintiff's complaints about his coworkers, SCDMH spoke to an employee regarding profanity (ECF No. 69-13 at 2), provided Plaintiff with harassment paperwork (ECF No. 69-15 at 2–3), investigated his complaint (*id.*, ECF No. 69-16 at 2–3), and held a staff meeting addressing the code of conduct policy (ECF No. 69-18 at 2) that Plaintiff apparently did not attend (*see* ECF No. 69-19 at 3–4). Although Plaintiff asserts that SCDMH's response to his complaints was negligent, the record before the court belies this contention. Accordingly, the court agrees with the Magistrate Judge's finding that summary judgment is appropriate as to Plaintiff's hostile work environment claim and overrules Plaintiff's objections.

15

*6.    Retaliation Claim*

Plaintiff argues that the Magistrate Judge improperly analyzed his retaliation claim. (ECF No. 85 at 28.) To prevail on this claim, Plaintiff must either offer sufficient direct and indirect evidence of retaliation or proceed under the aforementioned burden-shifting method. Plaintiff has only put forth allegations of retaliation, unsupported by any direct evidence, so the court will analyze his claim under the burden-shifting framework.

To make a prima facie case for retaliation, Plaintiff must show that: (1) he engaged in a protected activity, (2) SCDMH took adverse action against him, and (3) there is a causal relationship between the protected activity and the adverse action. *Evans*, 936 F.3d at 195 (citations omitted). A plaintiff establishes that an employer took adverse action against him if he shows that the challenged action "would have been material to a reasonable employee," meaning that "it would likely have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citations omitted). If Plaintiff establishes a prima facie case of retaliation, SCDMH may rebut the presumption of retaliation by articulating a non-discriminatory reason for its action. *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001) (citation omitted). At that point, Plaintiff has the opportunity to prove that SCDMH's legitimate, non-discriminatory reason is pretextual. *Id.*

As the court has discussed, Plaintiff has not shown that he was subjected to adverse employment action. In fact, Plaintiff testified that he was employed as a temporary employee with SCDMH for five (5) years, meaning that SCDMH would rehire him each year. (ECF No. 69-26 at 3–4; *see also* ECF No. 69-1 at 2.) Although Plaintiff suggests that SCDMH's alleged failure to investigate his discrimination complaint constitutes actionable retaliation, (ECF No. 85 at 28–29),

16

the evidence discussed above shows that SCDMH took steps to investigate and deal with Plaintiff's complaints. Further, Plaintiff testified that throughout his employment with SCDMH, he never felt he could not report an issue to them. (ECF No. 85-1 at 15.)

Moreover, even if Plaintiff had shown the existence of adverse employment action against him, he has not shown a causal connection between the protected activity and the adverse action. Plaintiff alleges that SCDMH "failed to investigate and take proper remedial action to most of his claims and the Defendants actions were all part of the same ongoing practice and pattern of discrimination that contained a series of interrelated events that constituted a continuing violation." (ECF No. 85 at 28.) However, to show a causal connection, Plaintiff must show that SCDMH knew of his engagement in a protected activity. *Holland*, 487 F.3d at 218. SCDMH could not have retaliated against Plaintiff before it knew Plaintiff engaged in a protected activity.

As proof that SCDMH was aware of the lawsuits against MDMH, Plaintiff asserts that SCDMH could have looked up the lawsuits on the internet, and that an unnamed and now deceased employee told Plaintiff that SCDMH was aware of the lawsuits. (ECF Nos. 69-29 at 15, 85 at 51–53.) Plaintiff does not provide any evidence that SCDMH actually looked up the lawsuits and does not name any employees identified by the deceased employee as having such knowledge.

Despite this, Plaintiff contends that the Magistrate Judge erred by not considering his continuing violation argument in analyzing the retaliation timeline. (ECF No. 85 at 29–30.) Absent any evidence that SCDMH was aware that Plaintiff had engaged in a protected activity by suing his previous employer in another state, there must be a causal connection between the other protected activity Plaintiff engaged in, complaining to SCDMH, and the adverse employment action. Again, SCDMH could not have taken adverse action in response to Plaintiff's engagement in a protected activity before it had knowledge of such engagement. The record shows that the

17

first time Plaintiff complained about a "hostile work environment" due to "disrespect, yelling, and profanity" by a SCDMH nurse was on October 21, 2017. (ECF No. 69-11 at 2.) The first time Plaintiff made any complaints referencing his race, however, was on April 14, 2019. (ECF No. 69-14 at 2.) Plaintiff submitted a formal complaint of discrimination on November 5, 2019, asserting that he had been discriminated against on the basis of retaliation on June 21, 2019. (ECF No. 69-20 at 2.) Plaintiff's "continuing violation" argument does not establish a causal connection between adverse actions that occurred before he filed his discrimination complaints to SCDMH and the EEOC. Although Plaintiff generally alleges that the record shows there were several adverse employment acts after April 4, 2019, (ECF No. 85 at 28), he does not provide citations to such evidence. Therefore, the court overrules Plaintiff's objections to the Magistrate Judge's findings on his retaliation claim.

Finally, the court notes that Plaintiff's other objections are either irrelevant, non-specific, improperly before the court, or speculative. Plaintiff's objections are therefore overruled. The court finds no clear error on the face of the record and accordingly accepts the Report. "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Atl. States Const. Co. v. Robert E. Lee & Co. of S.C.*, 406 F.2d 827, 829 (4th Cir. 1969). Here, there is no genuine need for trial because the evidence in the record could not permit a reasonable jury to return a favorable verdict for Plaintiff. *Sedar*, 988 F.3d at 761. Accordingly, the court grants SCDMH's Motion for Summary Judgment. (ECF No. 69.)

## V.     CONCLUSION

After a thorough review of the record, the Report, the parties' arguments, and the applicable law, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 78.)

Accordingly, the court **GRANTS** SCDMH's Motion for Summary Judgment (ECF No. 69), **DENIES** Plaintiff's Motion to Amend (ECF No. 68), and **DENIES AS MOOT** Plaintiff's Motion to Strike and Motion for Summary Judgment (ECF No. 86).

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 21, 2022
Columbia, South Carolina